**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald CATHERINE, Defendant–
Appellant.**

**No. 94–10517.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1995.

Decided May 31, 1995.

---

Paul McCarthy, Oakland, CA, for defendant-appellant.

Robert K. Crowe, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: FLOYD R. GIBSON,* GOODWIN, and HUG, Circuit Judges.

HUG, Circuit Judge:

The defendant pled guilty to several counts of making false statements in loan applications in violation of 18 U.S.C. § 1014. The loan applications concerned loans secured by deeds of trust on four separate residences. The defendant defaulted on the loans, and the lender, Home Savings of America, foreclosed the deeds of trust. The district court sentenced the defendant to twelve months and one day in custody, and three years supervised release. The court also ordered that the defendant make restitution in the

* Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

amount of $120,000. The defendant appeals only the order of restitution. We have jurisdiction pursuant to 28 U.S.C. § 1291.

This appeal raises two issues. The threshold issue is whether the defendant, by the terms of the plea agreement, waived his right to appeal the restitution order. We conclude he did not. The substantive issue is the manner in which the loss to the lender is to be calculated for purposes of ordering restitution. We conclude that the loss must be calculated as of the date of the foreclosure of the deeds of trust with credit given for the value of the collateral property as of the date title to the property is taken. Because the restitution order was not calculated on this basis, we reverse and remand for reconsideration of the restitution order.

I.

■ It is clear that the defendant waived his right to appeal his sentence of confinement under the Sentencing Guidelines; the question is whether he also waived his right to appeal the order of restitution under 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1. We review *de novo* the question of whether a defendant has waived a statutory right to appeal. *United States v. Haggard,* 41 F.3d 1320, 1325 (9th Cir.1994). "An express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." *Id.* (internal quotations omitted).

■ Paragraph 5 of the plea agreement, entitled "Sentencing Guideline Calculation," provides that U.S.S.G. § 2F1.1 applies to the defendant's offense and sets out the agreed upon guidelines calculations for the offense level. Paragraph 6, under the same subheading, sets out the agreed upon criminal history category. Paragraph 7 of the plea agreement, entitled "Waiver of Appeal," sets out the conditions of the defendant's waiver of his right to appeal:

7. The defendant also agrees that if he receives a sentence within the range of offense level 13 or less, Criminal History Category One, as set forth in paragraph 6 above (12–18 months) or less, he hereby waives any right to appeal from *that* sentence.

(emphasis added).

The structure of the plea agreement indicates that the defendant waived only his right to appeal his offense level and criminal history category under the Sentencing Guidelines. In paragraph 7, the defendant waived his right to appeal from "that sentence." The antecedent of the phrase "that sentence" is "a sentence within the range of offense level 13 or less, Criminal History Category One, as set forth in" the preceding paragraphs. This would result in a custodial sentence of 12 to 18 months or less. The referent "that sentence" cannot refer to the amount of restitution because restitution is not calculated using the guidelines; it is determined by a separate standard set out in 18 U.S.C. § 3663. The waiver speaks only to the calculation of the offense level, criminal history category, and the range in months of incarceration provided in the guidelines, not to an order of restitution governed by statute.

■ The fact that the designation of offense level 13 is dependent upon an enhancement for the loss to the victim does not mean that this loss determination is to be utilized for purposes of determining the amount of restitution to be paid. Although section 2F1.1 of the guidelines, under which the defendant agreed to be sentenced, and 18 U.S.C. § 3663, governing restitution, both involve a calculation of loss to the victim, the method of calculating loss is different in each. Section 2F1.1 includes an increase in the offense level if the "value of the money, property, or services unlawfully taken" exceeds $2,000. U.S.S.G. § 2F1.1 & comment. (n. 7) (1993). The restitution statute authorizes an order of restitution for, *inter alia,* the value of the victim's property damaged, lost, or destroyed as a result of the offense. 18 U.S.C. § 3663(b). Loss under section 2F1.1 is either the *intended or the actual loss,* whichever is greater. U.S.S.G. § 2F1.1, comment. (n. 7), (n. 7(b)); *United States v. Galliano,* 977 F.2d 1350, 1352 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1399, 122 L.Ed.2d 772 (1993). Loss under 18 U.S.C. § 3663 is the *actual loss.* 18 U.S.C.

§ 3663(b), (e); *United States v. Smith,* 944 F.2d 618, 625 (9th Cir.1991), *cert. denied,* 503 U.S. 951, 112 S.Ct. 1515, 117 L.Ed.2d 651 (1992). In addition, under 18 U.S.C. § 3663, restitution can include prejudgment interest, *Smith,* 944 F.2d at 626, whereas the guidelines state that loss "does not, for example, include interest the victim could have earned on such funds had the offense not occurred." U.S.S.G. § 2F1.1, comment. (n. 7). The different method of calculating loss in each case is due to the different purposes behind the two statutes. A defendant's culpability will not always equal the victim's injury.

This distinction was highlighted in our recent opinion in *United States v. Hutchison,* 22 F.3d 846, 854–56 (9th Cir.1993), another false loan application case. In *Hutchison,* we reached different results in calculating loss for purposes of confinement and loss for purposes of victim restitution. Relying on the intended loss, which in that case was greater than the actual loss, we calculated the loss for custodial sentencing under section 2F1.1 as the gross loan amount, with no offset for actual payments made on the loan or the value of the forfeited collateral. In contrast, we held the amount of restitution to be paid under 18 U.S.C. § 3663 was the actual loss, which we held must be calculated as the unpaid balance on the loan, minus the value of the collateral at the date the victim bank gained control of the collateral, plus the bank's expenses prior to the same date.

The defendant waived only his right to appeal from a sentence within the range of offense level 13, Criminal History Category One, or less, as specified in the Sentencing Guidelines. He did not waive his right to appeal the order of restitution governed by statute.

## II.

The defendant contends that the district court erred in calculating the amount of restitution due by offsetting the loan balance at the time of default with the value of the collateral property at the time Home Savings ultimately disposed of the property. The defendant argued before the district court at the hearing on September 30, 1994, that the court should have valued the collat-

eral property at the time Home Savings foreclosed on the property and deducted that amount from the balance then owing on the loans. We review the amount of restitution ordered for abuse of discretion. *Hutchison,* 22 F.3d at 856.

We decided this exact issue in *Hutchison, id.* at 854–56, which, in turn, relied on *United States v. Smith.* *Hutchison* stated,

> In *Smith,* we held that restitution should have been ordered in the amount of the unpaid balance due on five fraudulent loans, reduced by the value of the property *as of the date the victim took control of the property.* We rejected the district court's valuation of the property as of the date on which it was sold:
>
> > The Act [18 U.S.C. § 3663] provides that if a victim has suffered a loss of property, the district court may order restitution in the amount of this loss "less the value (*as of the date the property is returned*) of any part of the property that is returned."
>
> . . . .
>
> ... Smith should receive credit against the restitution amount for the value of the collateral property as of the date title to the property was transferred.... As of that date, the new owner had the power to dispose of the property and receive compensation.... Any reduction in value after Smith lost title to the property stems from a decision by the new owners to hold on to the property; to make Smith pay restitution for that business loss is improper.... Because the law is clear, to do otherwise would be an abuse of discretion.

*Hutchison,* 22 F.3d at 856 (quoting *Smith,* 944 F.2d at 625–26) (emphasis and alterations in original) (citations omitted). *Hutchison* remanded the sentence to the district court because the district court abused its discretion by valuing the collateral at the time of the final disposition of the property by the victim bank, rather than at the time the bank gained control of the property. We remand for the same reason in this case.

## CONCLUSION

The defendant did not waive his right to appeal the order of restitution, and the district court abused its discretion by valuing the collateral as of the date Home Savings resold the property, rather than the date it took control of the property. Because the value of the collateral at the time Home Savings took control is not in the record, we remand to the district court to determine this value and recalculate the amount of restitution due in accordance with our opinion in *Hutchison*.[1]

**REVERSED and REMANDED.**

---

1. We note that there are two clerical errors in the judgment. It states that the defendant is convicted of Counts One, Three, Five, Six, Seven, Eight, Nine, and Eleven, but states that he pled guilty only to Counts One, Three, Six, Seven, Eight, Nine, and Eleven. Count Five is missing from the list of counts to which the defendant pled guilty.

Also, although the "Fraudulent Use of a Social Security Number" counts (Two, Four and Ten) are dismissed by the judgment, the judgment states that the defendant is convicted of this offense. The judgment should be corrected on remand.