99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anna Dolores CANTU, Defendant-Appellant.
 No. 95-50549.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Oct. 17, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anna Dolores Cantu ("Cantu") timely appeals the district court's judgment which ordered restitution in the amount of $39,903.44, following her conviction and sentencing on two counts of making false statements to a financial institution ("the bank") in connection with a loan application. We review the amount of restitution ordered for an abuse of discretion. United States v. Catherine, 55 F.3d 1462, 1465 (9th Cir.1995). We affirm with modifications.
 
 I.
 
 3
 The calculation of restitution begins with the balance of the loan at the time of default. The district court accepted the bank's report that the principal balance at the time of default was $313,853.44, amounting to the actual loss that the bank was entitled to recover. United States v. Hutchison, 22 F.3d 846 (9th Cir.1993). Although the face value of the loan was $312,000.00, the bank's reported figure includes some combination of late fees and other fees that Cantu incurred prior to default. As a victim of fraud, the bank is entitled to restitution for costs and fees incident to the loan. Hutchison, 22 F.3d at 856. We hold that the district court did not abuse its discretion in determining that the balance of the loan at the time of default was $313,853.44.
 
 II.
 
 4
 The next step in calculating restitution is to subtract the value of the property obtained by the bank at foreclosure from the principal balance of the loan at the time of default. Neither party disputes the district court's calculation of the property's value at the time the bank received title to it at $273,950.00. However, using the district court's own reasonable formula for determining the value of the property, we have discovered an arithmetical error that we correct here.
 
 
 5
 The district court began with a December 23, 1992, appraisal that valued the property at $290,000.00. The appraiser fixed the rate of depreciation at one percent per month, creating a monthly depreciation of approximately $2,900.00. The bank received title to the property on June 4, 1993. The district court reasonably estimated that five and a half months elapsed between the appraisal and the bank's acquisition of the property. Multiplying the rate of depreciation ($2,900.00) by the number of months between appraisal and acquisition (5.5), the total depreciation of the property's value was $15,950.00. The district court incorrectly and, without a doubt, inadvertently calculated this figure to be $16,050.00. We now correct that mistake.
 
 
 6
 Therefore, the value of the property at the time of the bank's acquisition is the appraised value ($290,000.00) minus the depreciation ($15,950.00), which equals $274,050.00. Subtracting this figure from the balance of the loan at the time of default ($313,853.44) sets the base restitution amount at $39,803.44.
 
 III.
 
 7
 Finally, we address the issue of credits to which Cantu is entitled for payments she made prior to default. The bank reported that of Cantu's $40,261.33 in payments prior to default, only $4,713.22 was credited toward the principal balance of the loan. The Government concedes that the district court's restitution order should be reduced by that amount. We will not disturb the Government's concession that Cantu should be credited for the $4,713.22 in payments she made toward the loan's principal prior to default. Therefore, the restitution order shall be reduced by that amount.
 
 IV.
 
 8
 Subtracting the credits from the base restitution amount results in a total restitution amount of $35,090.22. Therefore, IT IS ORDERED that the restitution amount in the judgment of conviction be modified to total $35,090.22. The district court's order is otherwise AFFIRMED.
 
 
 9
 AFFIRMED AS MODIFIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3