99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robin LAWRENCE, Defendant-Appellant.
 No. 95-50566.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1996.
Decided Oct. 25, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Following entry of his guilty plea to one count of wire fraud arising out of a fraudulent loan transaction, Robin Lawrence timely appeals the district court's sentence and restitution order. Lawrence contests the district court's computation of loss for sentencing purposes and alleges that the district court improperly required restitution despite Lawrence's clear inability to pay it. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 We review de novo a district court's interpretation and application of the sentencing guidelines, United States v. Shaw, 3 F.3d 311, 312 (9th Cir.1993), and we review factual determinations in applying the guidelines for clear error. United States v. Salemo, 81 F.3d 1453 (9th Cir.1996), petition for cert. filed (U.S. Aug. 12, 1996) (No. 96-5539). The district court properly sentenced Lawrence on the basis of the Reinsches' loss. Under the sentencing guidelines, a court is to consider "all acts and omissions committed ... or willfully caused by the defendant," and "all harm that resulted from the acts and omissions." U.S.S.G. § 1B1.3(a). The Reinsches' losses are clearly harm that resulted from Lawrence's willful acts.
 
 
 4
 The district court sentenced on the basis of a $933,000 loss, which requires an eleven-level upward adjustment under the guidelines. U.S.S.G. § 2F1.1(b)(L). Lawrence's resulting total offense level was 16, and his sentence of 21 months was at the bottom of the applicable 21 to 27 month range. On appeal, the government concedes that it was error for the district court to include in its loss total $225,000 in unpaid interest. Without this interest money, the total loss is reduced to $708,000, which only merits a ten-level upward adjustment under the guidelines, and which would change Lawrence's sentence range to 18 to 24 months.
 
 
 5
 We commend the government for this concession and vacate the sentence, remanding the case to the district court with instructions to reduce Lawrence's total offense level by one and to resentence Lawrence according to the appropriate guideline range.
 
 
 6
 Lawrence also questions whether there was a basis in the record for the district court's imposition of a $1,057,863.17 restitution order. We review de novo the legality of a restitution order. United States v. Desalvo, 41 F.3d 505, 511 (9th Cir.1994). We review the amount of restitution ordered for abuse of discretion, United States v. Catherine, 55 F.3d 1462, 1465 (9th Cir.1995), and review a factual determination of a defendant's ability to pay for clear error. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 503 U.S. 951 (1992).
 
 
 7
 Restitution was permissible in this case because the Reinsches were persons "directly and proximately harmed" by Lawrence's fraud, 18 U.S.C. § 3663(a)(2), but the district court erred in ordering restitution because it failed to find that Lawrence had the ability to pay restitution. The district court ordered restitution notwithstanding its belief that the chance that Lawrence would pay the restitution was "slim and none." By failing to consider Lawrence's ability to pay restitution, the district court abused its discretion. Smith, 944 F.2d at 623. The district court failed to consider the evidence in the presentence report of Lawrence's negative net worth and poor employment history, which clearly indicated the impropriety of a restitution order.
 
 
 8
 Moreover, if the district court did find that Lawrence had the ability to pay a restitution order, that finding was clear error. The district court's determination that Lawrence might publish and profit from his life story is too slender a reed upon which to rest an order requiring Lawrence to pay more than one million dollars in restitution. The court clearly erred in finding that Lawrence had the ability to pay the large restitution it ordered. We note, as further support, that the district court waived the imposition of a fine, which is only permissible if a defendant "is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay." U.S.S.G. § 5E1.2(f). It was clear error for the district court to waive a fine but impose restitution on Lawrence.
 
 
 9
 The district court's restitution order is VACATED, and the sentence is VACATED, and the matter is REMANDED for resentencing in accordance with this Memorandum disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3