103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry Addison GRAY, Defendant-Appellant.
 No. 96-10209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barry Addison Gray appeals his sentence following his conviction by guilty plea to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). Gray contends that the district court erred in imposing a $5000 fine because he has no present or future ability to pay. The government asserts that Gray has waived his right to bring this appeal. We have jurisdiction under 28 U.S.C. § 1291, and dismiss.
 
 
 3
 We review de novo whether a defendant has waived his right to appeal. See United States v. Petty, 80 F.3d 1384, 1386 (9th Cir.1996). We look to the plain language of the waiver to determine if the defendant waived the right to appeal a particular issue. See United States v. Catherine, 55 F.3d 1462, 1464 (9th Cir.1995); United States v. Khaton, 40 F.3d 309, 311-12 (9th Cir.1994). If the waiver provision applies to the issues on appeal, we dismiss. See Khaton, 40 F.3d at 312.
 
 
 4
 Gray waived his right to appeal "any sentence ... within the applicable Sentencing Guideline range." The parties agreed that the applicable range was premised on a Base Offense Level 31 and Criminal History Category VI. The district court determined that the Base Offense Level was 31 and that Gray's Criminal History Category was VI, and sentenced Gray to 235 months, the top of the applicable range, and a $5000 fine.
 
 
 5
 Gray contends that the term "sentence" in the plea agreement is limited to imprisonment, and does not encompass a fine. This is an unreasonable interpretation of the agreement. The language of the waiver is broad and does not limit the term "sentence" to imprisonment. Moreover, the agreement specifies which issues are excluded from the waiver. Other provisions of the plea agreement also specify that imprisonment and a fine are possible penalties, and sets out the statutes and Guidelines authorizing both imprisonment and fines. One of the possible sentences available to a defendant such as Gray is "[a] sentence to pay a fine." See 18 U.S.C. § 3551(b); see also United States v. Crook, 9 F.3d 1422, 1426 n. 6 (9th Cir.1993) ("A 'sentence' under the Guidelines covers imprisonment, fines, and probation.") The amount of a fine is determined by looking to the applicable Guideline range. See U.S.S.G. § 5E1.2(c). Thus the term "any sentence ... within the applicable Sentencing Guideline range" encompasses the fine imposed by the district court. Cf. Catherine, 55 F.3d at 1464 (finding that waiver of sentence within specific offense level did not include order of restitution, because restitution is not determined by using guidelines).
 
 
 6
 Gray's other arguments fail. The district court need not engage in a colloquy with the defendant concerning the waiver provision before we will find the provision valid. See United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1992). The waiver provision includes the waiver of issues arising from the district court's incorrect application of the guidelines. See United States v. Michlin, 34 F.3d 896, 901 (9th Cir.1994). The fact that Gray did not waive the right to appeal the career offender finding is irrelevant to whether he waived the right to appeal the fine.
 
 
 7
 Because the waiver of the right to appeal encompassed the fine imposed by the district court, we enforce the waiver, and the appeal is
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3