107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allan L. AUSMAN, Defendant-Appellant.
 No. 96-30206.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allan L. Ausman appeals the district court's $615,991.00 restitution order imposed after his guilty plea to mail fraud in violation of 18 U.S.C. §§ 1341 and 2 and filing a false tax return in violation of 26 U.S.C. § 7206(1). We affirm.
 
 
 3
 Ausman contends that the district court erred by ordering him to make restitution to Aviosupport, Inc., because Aviosupport participated in his scheme by knowingly selling unapproved and falsely certified aircraft replacement parts that it had purchased from him. This contention lacks merit.
 
 
 4
 In determining whether to order restitution under 18 U.S.C. § 3663, and in setting the restitution amount, the district court must consider "the amount of the loss sustained by any victim as a result of the offense." 18 U.S.C. § 3664(a). The government bears the burden of establishing the amount of the victim's loss by a preponderance of the evidence. 18 U.S.C. § 3664(d).
 
 
 5
 At his plea hearing, Ausman testified to the correctness of his plea agreement, which stated that he deceived Aviosupport and other aircraft parts brokers. In an affidavit submitted at sentencing, however, Ausman stated that he told Aviosupport's employee Lynn Faul that the Federal Aviation Administration (FAA) had not approved the parts, and Faul agreed to obtain approval. As proof of Faul's agreement, Ausman attached to the affidavit a list of parts drawings delivered to Faul "for PMA's," or for FAA parts manufacturing approval.
 
 
 6
 The district court ordered Ausman to make restitution to Aviosupport; thus, it found that Aviosupport sustained losses as a result of the offense, see 18 U.S.C. § 3664(a), and therefore that Ausman deceived Aviosupport. We find no clear error. See United States v. Sarno, 73 F.3d 1470, 1503 (9th Cir.1995) (fact findings underlying restitution orders reviewed for clear error, cert. denied, 116 S.Ct. 2555 (1996)); United States v. Castello, 724 F.2d 813, 815 (9th Cir.) (district court entitled to credit sworn statements at plea hearing over subsequent declarations), cert. denied, 467 U.S. 1254 (1984).
 
 
 7
 Ausman also contends that the district court erred by failing to disallow $500,000 in restitution for Aviosupport's lost business because this amount was too speculative. He contends that Aviosupport lost business after the FAA's investigation of his offenses was publicized because the parts he had supplied no longer were available, rather than because customers lost trust in Aviosupport as a result of his scheme. The government submitted evidence that customers that received letters regarding unapproved parts supplied through Aviosupport subsequently decreased purchases by more than $500,000. Accordingly, the district court did not err by concluding that the company lost $500,000 in business as a result of Ausman's offenses. See 18 U.S.C. § 3664(a), (d).
 
 
 8
 Finally, Ausman contends that $78,293 of the restitution amount for parts destroyed or released to the government should be offset by $32,969.50 for parts delivered to but not paid for by Aviosupport. In response to Aviosupport's victim impact statement, Ausman submitted an affidavit that Aviosupport never paid bills totalling $32,969.50, and a copy of a letter from Aviosupport's president stating that payment was being withheld for certain consignment items. This evidence did not establish that the destroyed and released parts included the parts for which payment was withheld. Accordingly, we find no abuse of discretion. Cf. United States v. Catherine, 55 F.3d 1462, 165 (9th Cir.1995) (district court abused discretion by failing properly to offset loan balance against value of collateral property).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3