110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Helton LUU, aka: Phuc Nguyet Luu, Defendant-Appellant.
 No. 96-50267.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Helton Luu appeals his sentence following his guilty plea to bank fraud in violation of 18 U.S.C. § 1344. Luu contends that the district court abused its discretion by ordering him to pay $19,954.72 in restitution because Luu does not have the ability to pay this amount within the three-year period of supervised release. The government contends that Luu waived his right to appeal the restitution order. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. Waiver
 
 3
 Luu contends that he did not waive his right to appeal the restitution order because the structure of Luu's plea agreement indicated that he waived only his right to appeal the sentencing calculations under the Sentencing Guidelines. We agree.
 
 
 4
 We review de novo whether an appellant has waived his statutory right to appeal. See United States v. Catherine, 55 F.3d 1462, 1464 (9th Cir.1995). An express waiver of the right to appeal in a plea agreement is valid if made knowingly and voluntarily. See United States v. Haggard, 41 F.3d 1320, 1325 (9th Cir.1994).
 
 
 5
 Here, in the section of his plea agreement, entitled "Waiver of the Right to Appeal," Luu specifically waived his right to appeal "any sentence imposed by the court ... so long as the defendant is sentenced at an offense level no greater than nine." There is no indication that Luu knowingly or voluntarily waived his right to appeal the restitution order. See Haggard, 41 F.3d at 1325; see also Catherine, 55 F.3d at 1464 (indicating that defendant only waived right to appeal calculations under Sentencing Guidelines and not amount of restitution based on structure of plea agreement). Therefore, Luu is not precluded from contesting the district court's restitution order. See Haggard, 41 F.3d at 1325.
 
 B. Restitution
 
 6
 Luu contends that the district court abused its discretion by imposing restitution in the amount of $19,954.72 to be paid during a three-year supervised release term because he has never earned more than minimum wage. This argument lacks merit.
 
 
 7
 We review for abuse of discretion the amount of restitution ordered. See Catherine, 55 F.3d at 1465. We review for clear error factual findings related to the restitution order. See United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991).
 
 
 8
 Under the Victim and Witness Protection Act of 1982 the district court has the authority to impose restitution. See 18 U.S.C. § 3664(a) (1990). Before imposing restitution, the district court "shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." Id.; see United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). The court is not, however, required to make express findings demonstrating its consideration of those factors. See U.S.S.G. § 5E1.1, comment (backg'd.) (1995); United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.1989). The court's duty, pursuant to section 3664 is satisfied as long as there is "some evidence" in the record that the defendant may be able to pay restitution in the future. See Ramilo, 986 F.2d at 335.
 
 
 9
 Here, the record shows that before imposing restitution, the district court considered Luu's employment history, financial status, and family responsibilities. See 18 U.S.C. § 3664(d) (1990); Smith, 944 F.2d at 623. The court stated that it read and considered the Presentence Report as well as the letters filed on behalf of Luu. The court noted that although Luu's "earning history is not remarkable, he does have a work life ahead of him that's fairly substantial." The court also heard Luu's counsel argue that Luu has obligations to his mother who has a serious medical condition. Moreover, the district court did not impose a fine because of Luu's inability to pay both a fine and restitution.
 
 
 10
 Although Luu has only had minimum wage jobs in the past, and has family responsibilities, there is no evidence to suggest that Luu will be unable to pay restitution in the future. See 18 U.S.C. § 3664(d) (placing burden on defendant to show financial resources and needs). On the record before us, we cannot say that the district court clearly erred by finding that Luu might be able to pay the restitution imposed. See Smith, 944 F.2d at 623.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 If at the end of the three-year supervised release period, Luu has been unable to pay the entire amount of restitution despite a good faith effort to do so, he may petition the district court for an extension of time or for a remittitur. See United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992)
 
 
 [2]
 The government's unopposed motion to supplement the record to include the written plea agreement between the parties is granted. See Fed.R.App.P. 10(e)