145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Judith NIELSEN, Defendant-Appellant.
 No. 97-30280.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 Appeal from the United States District Court for the District of Idaho.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 WINMILL, J., Presiding
 
 
 1
 Submitted May 14, 1998**
 
 
 2
 Judith Nielsen appeals her sentence following her guilty plea to embezzlement of federal funds, in violation of 18 U.S.C. § 666. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Nielsen contends the district court abused its discretion by ordering her to pay additional and excessive restitution that was not proximately caused by her criminal conduct.[1] This contention lacks merit.
 
 
 4
 "We review the amount of restitution ordered for abuse of discretion." United States v. Catherine, 55 F.3d 1462, 1465 (9th Cir.1995); see also United States v. Zink, 107 F.3d 716, 718-19 (9th Cir.1997) (recognizing that the district court is allowed broad discretion in imposing restitution). We review for clear error factual findings underpinning the restitution order. See United States v. Sarno, 73 F.3d 1470, 1503 (9th Cir.1995).
 
 
 5
 "[A] restitution order must be based on losses directly resulting from the defendant's criminal conduct." United States v.. Sablan, 92 F.3d 865, 870 (9th Cir.1996); see also Zink, 107 F.3d at 718-19; 18 U.S.C. § 3663A(a)(1) (1996). Here, the district court's determination that the additional restitution amount was caused by Nielsen's conduct is supported by the record and is not clearly erroneous. See Sablan, 92 F.3d at 870; Sarno, 73 F.3d at 1503. Accordingly, the district court did not abuse its discretion in ordering Nielsen to pay the disputed amount of restitution to the victim, the Parma School District. See Catherine, 55 F.3d at 1465.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 We reject the government's contention that Nielsen waived her right to appeal the restitution order because the plea agreement did not bar the appeal of a sentence imposed pursuant to 18 U.S.C. § 3742. See United States v. Zink, 107 F.3d 716, 718 (9th Cir.1997)