**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gabriel Olufemi OBIDI, Defendant–Appellant.**

No. 05–50625.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2007.*

Filed Feb. 22, 2007.

Becky S. Walker, Esq., Rosalind Wang, Esq., Office of the U.S. Attorney, Criminal

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

3. 28 U.S.C. § 2254(e)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Division, Los Angeles, CA, for Plaintiff–Appellee.

W. Anthony Willoughby, Esq., Culver City, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Gabriel Olufemi Obidi appeals the 36–month sentence imposed by the district court following his guilty plea to two counts of bank fraud and one count of possession of fifteen or more unauthorized access devices. The facts and procedural history are known to the parties and we do not repeat them here.

## I

A district court may rely upon a presentence report ("PSR") at sentencing to find by a preponderance of the evidence that the relevant facts of loss have been established. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1161–62 (9th Cir.2000) (citing *United States v. Marin–Cuevas*, 147 F.3d 889, 895 (9th Cir.1998)). Here, the PSR properly documented losses stemming from Obidi's fraudulent activities to be in excess of $120,000.[1] Further, Obidi cannot simply object to the district court's reliance upon the PSR, but bears some burden to challenge the accuracy of the facts contained therein and to present contradictory evidence. *United States v.*

*Charlesworth*, 217 F.3d 1155, 1160–61 (9th Cir.2000). He failed to do so, offering only the conclusory statement that "he didn't do it." There was no error in the district court's calculation of the applicable sentencing range as 21–27 months.

## II

"[A]ny post-*Booker* decision to sentence outside the applicable guidelines range is subject to a unitary review for reasonableness, no matter how the district court styles its sentencing decision." *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir.2006). Here, as we require, the district court considered the factors set forth in 18 U.S.C. § 3553(a). It concluded that the length and breadth of the scheme, the central involvement of Obidi, the need to account for the non-monetary losses suffered by the victims of defendant's identity theft, and deterrence all counseled in favor of a longer sentence. Given the thoroughness of the district court's treatment of the factors, we have no trouble concluding that the district court was within its considerable post-*Booker* discretion in crafting its 36–month sentence. *See Mohamed*, 459 F.3d at 989.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although Obidi was not required to pay restitution in this amount, primarily because Washington Mutual seized other assets to cover its loss and American Express wrote off its loss, we have made clear that loss for restitution purposes and loss for sentencing calculations are not co-extensive. *See United States v. Catherine*, 55 F.3d 1462, 1464–65 (9th Cir. 1995).