**UNITED STATES of America, Appellee,**

v.

**Erasmo MALDONADO, Jr., Defendant–Appellant.**

**No. 1606, Docket 92–1755.**

United States Court of Appeals, Second Circuit.

Submitted June 18, 1993.

Decided June 22, 1993.

599

Mary Jo White, U.S. Atty., E.D.N.Y., Brooklyn, NY (Susan Corkery, Jonathon M. Gerson, Asst. U.S. Attys., E.D.N.Y., Brooklyn, NY, of counsel), for appellee.

Erasmo Maldonado, Jr., pro se.

Before: KEARSE, MINER, and ALTIMARI, Circuit Judges.

PER CURIAM:

Defendant *pro se* Erasmo Maldonado, Jr., appeals from a November 30, 1992 judgment of the United States District Court for the Eastern District of New York, John R. Bartels, *Judge,* convicting him of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (1988), and sentencing him principally to 70 months' imprisonment, to be followed by a four-year term of supervised release. On appeal, Maldonado contends, *inter alia,* that the district court (a) failed to afford him an opportunity to address the court before the imposition of sentence, and (b) failed to make findings as to the quantity of cocaine for which Maldonado was responsible.

Maldonado was originally sentenced, after entering a plea of guilty, in October 1991. Following a collateral attack on his conviction, the district court in October 1992 vacated his sentence. On November 30, 1992, Maldonado was resentenced. As the government acknowledges, however, Maldonado was not afforded an opportunity to speak at the resentencing proceeding.

Rule 32 of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[b]efore imposing sentence, the court shall ... address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed. R.Crim.P. 32(a)(1)(C). For purposes of this Rule, when a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced. *See, e.g., United States v. Barnes,* 948 F.2d 325, 330 (7th Cir.1991); *United States v. Shubbie,* 778 F.2d 199, 200 (5th Cir.1985); *cf. United States v. Ayres,* 76 U.S. (9 Wall.) 608, 610, 19 L.Ed. 625 (1869) (effect of order granting new trial is to permit defendant to raise any matter that may normally be raised prior to trial).

Accordingly, after entering its October 1992 order vacating Maldonado's original sentence, prior to imposing any new sentence the district court should have afforded Maldonado the opportunity to address the court. Since this did not occur, we vacate the November 30, 1992 judgment of conviction and remand for proceedings in which Maldonado is given an opportunity to speak in accordance with Fed.R.Crim.P. 32(a)(1)(C). The court is, of course, to make any findings required by Fed.R.Crim.P. 32(c)(3)(D).

Vacated and remanded.