**72**

UNITED STATES of America, Appellee,

v.

Richard S. AXELROD; Paul Danio; Kirk Long; James P. Marsh, Sr.; Edwin Monroe; Jeanette Jennings; Claude Davis Nance; James Scandura; Brian Shadden; James R. Stapp; Frederick Wilbur; Thomas Muldoon, and Carl Richardson, Defendants,

and

Lee Noel and Thomas Marsh, Defendants–Appellants.

Nos. 460, 79, Dockets 93–1591(L), 93–1673.

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1994.

Decided Jan. 11, 1995.

Certiorari Denied April 17, 1995.

See 115 S.Ct. 1715.

Gregory A. West, Asst. U.S. Atty. (Gary L. Sharpe, U.S. Atty., N.D.N.Y., of counsel), for appellee.

Michael L. Hanuszczak, Syracuse, NY, for defendant-appellant Thomas Marsh.

Bruce R. Bryan, Syracuse, NY, for defendant-appellant Lee Noel.

Before: FEINBERG, VAN GRAAFEILAND, and WALKER, Circuit Judges.

PER CURIAM:

Defendants Thomas Marsh and Lee Noel appeal from a judgment of conviction rendered on July 28, 1993 in the Northern District of New York following a jury trial in the United States District Court (Munson, *J.*) for conspiring to distribute and possess with intent to distribute a schedule II controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court denied Noel's subsequent motion for a new trial and Marsh's pretrial motion to dismiss the indictment and posttrial motion for judgment of acquittal, or, in the alternative, for a new trial. Marsh was sentenced to a 324–month term of incarceration. Noel was sentenced to a 63–month term of incarceration.

Defendants were arrested as part of a larger conspiracy to manufacture and distribute methamphetamine in California, Texas, Colorado, and New York.

In this opinion, we only address Marsh's claims that he was denied the opportunity to address the district court during sentencing and that the district court erred in attributing 117 pounds of methamphetamine to him for the purposes of sentencing. Defendants' remaining claims are addressed in an unpublished summary order issued by this court today.

■ Under Federal Rule of Criminal Procedure 32(a)(1)(C), the district court at sentencing must "address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." The government concedes that the district court failed to do so at Marsh's sentencing proceeding. Resentencing is required if a district court fails to afford a defendant the opportunity to address the court prior to

imposing the sentence. *See United States v. Maldonado,* 996 F.2d 598, 599 (2d Cir.1993) (per curiam). We therefore vacate Marsh's sentence and remand to the district court for resentencing.

"For the purposes of [Rule 32], when a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced." *Id.* As a result, we need not reach Marsh's claim that the district court improperly attributed 117 pounds of methamphetamine to him. At resentencing, "the court is, of course, to make any findings required by Fed.R.Crim.P. 32(c)(3)(D)." *Id.*

The sentence of Thomas Marsh is therefore vacated. The case is remanded to the district court for resentencing.