**UNITED STATES of America,**
**Appellee,**

**v.**

**Deyan POPOVIC, Mohammed Ardehali, Charles Steinke, Defendants,**

**Tricia Rossi, Defendant–Appellant.**

**Docket No. 00–1688.**

United States Court of Appeals,
Second Circuit.

April 5, 2001.

William E. Craco, Assistant United States Attorney; Mary Jo White, Unties States Attorney for the Southern District of New York on the brief, New York, NY, for appellee.

Richard W. Levitt; Joshua L. Dratel on the brief, New York, NY, for defendant-appellant.

Present OAKES, STRAUB, Circuit Judges, and KAPLAN,* District Judge.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the restitution order entered September 29, 2000 is hereby VACATED and the case REMANDED to the District Court for further proceedings.

Defendant–Appellant Tricia Rossi appeals from an order entered September 29, 2000 in the United States District Court for the Southern District of New York (Richard Owen, *Judge*) reimposing an order directing Rossi to pay $634,889 in restitution in connection with a previously imposed criminal sentence. On appeal, Rossi argues that the District Court again failed to consider the mandatory restitution factors enumerated in 18 U.S.C. § 3664(a) (1995). For the following reasons, we vacate the restitution order and remand the case so that the District Court may make specific findings as to the amount of loss caused by the conspiracy of which Rossi was a part.

On March 22, 1999, Rossi was convicted of conspiring to defraud health insurance companies by submitting false claims in violation of 18 U.S.C. § 371, and related mail and wire fraud violations pursuant to

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

18 U.S.C. §§ 1341 and 1343. Rossi's convictions stemmed from the operation of an alternative health center that specialized in colonic therapy. From April 1994 to April 1996, Rossi participated in a scheme to bill health insurance companies for services that were not actually provided and by submitting false claims through an organization affiliated with her health center. Following her trial and conviction, Rossi was sentenced to a term of 42 months' imprisonment, to be followed by a three-year term of supervised release. Rossi was also ordered to pay $2,200 in mandatory special assessments and $634,889 in restitution, the amount determined by the court to be the actual loss suffered by the defrauded insurance companies.[1] The court concluded that Rossi was joint and severally liable for the full amount of loss caused by the insurance scheme of which she was part. *See* Sentencing Hearing Transcript, September 17, 1999, at 67. At the sentencing hearing, counsel for Rossi failed to object to the amount of loss specified in the Pre–Sentence Report ("PSR"), objecting only to the court's apportionment of liability among the conspirators.

Rossi appealed her conviction and sentence to this Court, arguing that the District Court committed reversible errors both at trial and sentencing. By summary order dated June 27, 2000, we affirmed Rossi's conviction and sentence in most respects. However, we vacated the order of restitution, holding that "the record below does not reflect that the district judge considered several mandatory factors before imposing the order of restitution."

*United States v. Popovic,* No. 99–1566, 216 F.3d 1074, 2000 WL 839975, at \*6 (2d Cir.2000) (unpublished opinion). 18 U.S.C. § 3664(a) (1995)[2] provides that

> the court, in determining whether to order restitution ... and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

Because the record did not indicate whether the District Court had considered these factors, we determined that the "order of restitution [must be] vacated and the case [ ] remanded to the district court for the purpose of reconsidering that order in light of the mandatory factors." *Popovic,* 2000 WL 839975 at \*7.

 On remand, the District Court scheduled a hearing to consider its restitution order in light of the § 3664(a) (1995) factors. Rossi's counsel sent a letter to Judge Owen prior to the hearing arguing *inter alia* that Rossi should be held responsible only for the losses that resulted from the offenses for which she was convicted and that the restitution order would devastate Rossi financially. In addition, the letter stated that "[t]here is no evidence that the other alleged victims in fact incurred losses" and argued that "[a]ny alleged losses incurred by the insurance companies must be supported by sufficient documentation, which we request be produced to the defense prior to the re-impo-

---

1. The court, relying on the Pre Sentence Report ("PSR"), made particularized findings that the amount of loss caused by the conspiracy was $634,889. The court, however, held Rossi responsible for the full amount of loss, rather than 50% as recommended by the PSR. *See* Sentencing Hearing Transcript, September 17, 1999, at 67.

2. While the restitution provisions of this Title were amended in 1996, both parties have assumed that the 1995 version of § 3664, which was in effect at the time of sentencing, is applicable. *See also United States v. Thompson,* 113 F.3d 13, 15 n. 1 (2d Cir.1997).

sition of any restitution order by the court." During the hearing, Rossi's counsel further objected to the amount of loss, stating that "the amount of loss which your Honor eventually agreed to was not proven" and that "what we received in the presentence report was a number from each insurance company. There was no backup, there was no basis, there was no enumeration, no support for the numbers." The District Court, understandably upset by Rossi's newfound objection to the amount of loss, refused to entertain argument about the amount and moved on to the defendant's other arguments. In concluding the hearing, the court stated that:

> "The Court of Appeals has asked me to look at this with the view, did I consider several mandatory factors. The answer is, basically I did. I did not regard them in terms of this mandatory factor and that one, but in terms of ability to pay and this, that and other, the financial resources of the defendant were considered, rejected. Projected earnings and other income were considered, financial obligations of the defendant, including obligations to dependents, which I don't remember any being put before me. But those items also were taken into account in arriving at this figure.... All of that was taken into account and, given that, I feel that the Court has now made a matter of record what the Court of Appeals asked me to do...."

We have held that if a defendant "fail[s] to contest the allegations contained in the PSR ... the court [is] entitled to regard them as true." *United States v. Streich*, 987 F.2d 104, 107 (2d Cir.1993). However, "when a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced." *United States v. Maldonado*, 996 F.2d 598, 599 (2d Cir.1993); *see also United States v. Atehortva*, 69 F.3d 679, 685 (2d Cir.1995)

("[T]he resentencing proceeding was appropriately treated as a de novo sentencing, for the remand did not specifically limit the scope of resentencing."), *cert. denied sub nom., Correa v. United States*, 517 U.S. 1249, 116 S.Ct. 2510, 135 L.Ed.2d 199 (1996). Therefore, although Rossi failed to object at the first sentencing hearing to the amount of loss, when the objection was made on remand, the District Court was obligated to regard it as timely and valid. When a party objects to a sentencing fact, the court must make specific findings. *See United States v. Bradbury*, 189 F.3d 200, 204 (2d Cir.1999) ("Because [the defendant] objected to the [ ] PSR's [ ] enhancement, the district court was required to make specific, clear, and reviewable findings...."). Moreover, "a sentencing court must assure itself that the information upon which it relies when fixing sentence is reliable and accurate." *United States v. Prescott*, 920 F.2d 139, 143 (2d Cir.1990); *see also Bradbury*, 189 F.3d at 204 ("Nor may we infer that the district court made sufficient findings by noting that it adopted the factual findings in the [ ] PSR.").

■ Rossi's PSR specified the amount that each insurance company was billed and the amount that each paid to the conspiracy. However, the report did not specify the source of this information, refer to documentation, or provide any other information that can be verified. Rossi was never provided with the underlying documentation such as cashed checks, invoices, or other information that would allow her to verify or contest the amount of claimed loss. Nor was testimony proffered at trial that would specifically corroborate the loss stated in the PSR. Therefore, because we are unable to verify that the information relied upon by the District Court was accurate, we are forced to remand so that Judge Owen can consider the amount of

**26**

loss caused by the conspiracy and, if appropriate, modify the restitution order. In doing so, Rossi must be afforded an opportunity to inspect the underlying documentation that was used by the probation department in calculating the amount of loss and a fair opportunity before the District Court to contest that figure.

■ To be clear, although we again vacate Rossi's restitution order, we remand only for the specific purpose of allowing Rossi to contest the amount of loss suffered by the defrauded insurance companies. *See Atehortva*, 69 F.3d at 685 (resentencing should be *de novo* unless the remand "specifically limit[s] the scope of resentencing."); *Maldonado*, 996 F.2d at 599 (vacating sentence but remanding only for specific purpose of allowing the defendant to address the court prior to resentencing). As to the other § 3664(a) (1995) factors, we conclude that the District Court did all that is required by the statute. Judge Owen allowed Rossi an opportunity to argue that her financial resources rendered her incapable of paying the restitution order. After hearing her arguments, Judge Owen stated that he had considered the resources and obligations of the defendant before reimposing the restitution order. Moreover, the court correctly concluded that it had the discretion to hold Rossi joint and severally liable for the full loss caused by the conspiracy, rather than just the loss that resulted from the offenses for which Rossi was convicted. Title 18 U.S.C. §§ 3663–64 (1995), which codified the Victim Witness Protection Act as amended by Congress in 1990, "confers authority to order a participant in a conspiracy to pay restitution even on uncharged or acquitted counts...." *United States v. Boyd*, 222 F.3d 47, 51 (2d Cir. 2000) (citing *inter alia United States v. Collins*, 209 F.3d 1, 2–4 (1st Cir.1999); *United States v. Davis*, 117 F.3d 459, 461–

63 (11th Cir.) *cert. denied sub nom., Morfa v. United States*, 522 U.S. 940, 118 S.Ct. 355, 139 L.Ed.2d 276 (1997)). Because Rossi was convicted of conspiracy, the court had the discretion to hold her responsible for the full amount of loss caused by her coconspirators.

For the foregoing reasons, we VACATE the restitution order entered September 29, 2000 and REMAND the case to the District Court for further proceedings.