Dino MANDARINO, Petitioner,

v.

John ASHCROFT, et al., Respondents.

No. CIV.3:01 CV 875(PCD).

United States District Court, D. Connecticut.

Feb. 3, 2003.

See also 290 F.Supp.2d 253.

Dino Mandarino, Oakdale, LA, pro se.

Jacqueline D. Bucar, Tyler, Cooper & Alcorn, New Haven, CT, for Petitioner.

James K. Filan, Jr., U.S. Attorney's Office, Bridgeport, CT, for Respondents.

## MEMORANDUM OF DECISION

DORSEY, District J.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the

reasons set forth herein, the petition is granted in part.

## I. BACKGROUND

On December 30, 1992, petitioner, a lawful permanent resident and Italian national, pleaded guilty, pursuant to a plea agreement, to the charge of conspiracy to import more than five kilograms of cocaine into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B) & 963. On April 7, 1993, petitioner was sentenced to nine years imprisonment followed by five years of supervised release.

By notice dated November 15, 2000, petitioner was informed that the conviction rendered him subject to removal as an aggravated felon pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii). On January 12, 2001, petitioner was ordered removed to Italy. Petitioner did not appeal from the order of removal to the Board of Immigration Appeals ("BIA").

On May 15, 2001, petitioner filed the present petition for writ of habeas alleging violations of due process and equal protection resulting from the final order of removal. Petitioner also sought a writ of error *coram nobis* and filed a motion to vacate his criminal sentence pursuant to 28 U.S.C. § 2255. On November 1, 2002, petitioner's motion to vacate his sentence was granted. Petitioner was resentenced on December 10, 2002 to 48 months and 360 days.

## II. DISCUSSION

The Government argues that the present petition is not properly before this Court as petitioner failed to exhaust administrative remedies and as personal jurisdiction is lacking over the respondents as is necessary to effect the remedy requested.

Generally, an alien is required to exhaust all claims before seeking judicial review of a final order of removal. *See* 8 U.S.C. § 1252(d)(1)("[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). However, when the issue is of constitutional magnitude and the agency is not empowered to review such claims, exhaustion would not necessarily be required. *See Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995); *Arango–Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir.1994); *Xiao v. Barr*, 979 F.2d 151, 154 (9th Cir.1992). The BIA does not have jurisdiction to address constitutional claims. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994). The determination as to whether exhaustion stands as a bar to habeas review of due process claims therefore rests on whether "the administrative forum would provide no real opportunity to present the constitutional issues raised." *Xiao*, 979 F.2d at 154.

To the extent the present petition questions the propriety of the final order of removal, it appears it is only through the alleged unconstitutionality of the retroactive applications of amendments limiting the availability of § 212(c) waiver. Such a question may not be decided by the Immigration Judge or BIA, thus petitioner need not present the same before filing a petition for habeas corpus.

As to the Government's contention that this Court lacks personal jurisdiction over a proper respondent against whom the writ of habeas corpus would be directed, the position taken unduly narrows the availability of the writ. A writ of habeas corpus is directed to the custodian of the petitioner. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what

is alleged to be unlawful custody.") Courts should not be quick to restrict the availability of the writ premised on territorial restrictions.

> Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.

*Id.* at 495, 93 S.Ct. 1123. The issue is thus whether the Attorney General is petitioner's custodian.[1] This role has been defined by Congress by way of the immigration laws. "Congress has consistently designated the Attorney General as the legal custodian of" INS detainees. *Henderson v. INS,* 157 F.3d 106, 126 (2d Cir.1998).

Although the Government argues that the only proper respondent to a habeas petition is, in effect, the jailer, *see Yi v. Maugans,* 24 F.3d 500, 507 (3d Cir.1994), and *Vasquez v. Reno,* 233 F.3d 688, 691 (1st Cir.2000), such would not comport with the holding of *Braden* denying such a territorial limitation. It is further unlikely, in light of the "extraordinary and pervasive role that the Attorney General plays in immigration matters," his or her "complete charge of the proceedings leading up to the order directing the[ ] removal [of aliens] from the country," and the "complete discretion to decide whether or not removal shall be directed," *Henderson,* 157 F.3d at 126 (internal quotation marks omitted), that the Attorney General could be considered an unwitting participant in habeas proceedings. The Attorney General is therefore a proper respondent over whom this court has personal jurisdiction.[2]

▪▪▪ Proceeding to the merits of the petition, petitioner argues that he was erroneously found to be ineligible for a waiver pursuant to § 212(c) of the Immigration and Nationality Act.[3] *See* 8 U.S.C. § 1182(c). The Government responds that petitioner is ineligible for § 212(c) relief as he has served more than five years' imprisonment and, as such, *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), is inapposite to the facts of his case.

▪▪▪ Addressing first the question of his term of imprisonment, the relevant sentence for purposes of his eligibility for a § 212(c) waiver is not the sentence originally imposed and there is no authority

---

1. Petitioner has provided an insufficient factual basis on which to establish personal jurisdiction over respondents Christine Davis, District Director for the INS in New Orleans, Louisiana, or Mary Ann Wyrsche, Commissioner of the INS. *See Henderson v. INS,* 157 F.3d 106, 123 (2d Cir.1998) (finding personal jurisdiction over Louisiana District Director based on petitioner's presence in New York and efforts through a detainer to return petitioner to Louisiana). Because respondent John Ashcroft is deemed a custodian over whom this Court has jurisdiction, the question of whether there is jurisdiction over subordinate respondents is not dispositive of the petition.

2. In *Henderson,* there appeared to be no dispute as to whether the Attorney General was subject to the long-arm jurisdiction of New York. *See Henderson,* 157 F.3d at 124 n. 19. The Connecticut long-arm statute contains the same language as the New York long-arm statute discussed in *Henderson,* specifically providing for jurisdiction over one who "[t]ransacts any business within the state," CONN. GEN. STAT. § 52–59b.

3. Petitioner also argues that disparate treatment of excludable aliens and deportable aliens in eligibility to apply for § 212(c) waivers violates due process and equal protection. Such is not the case. *See Domond v. INS,* 244 F.3d 81, 87 (2d Cir.2001).

supporting consideration of a vacated sentence, in INS proceedings or otherwise. When petitioner's sentence was vacated pursuant to 28 U.S.C. § 2255, it became a nullity, thus of no legal effect. *See United States v. Stinson*, 97 F.3d 466, 469 (11th Cir.1996) (pertaining to appellate remand orders, "when a criminal sentence is vacated, it becomes void in its entirety; the sentence ... has been wholly nullified and the slate wiped clean"); *United States v. Polland*, 56 F.3d 776, 778 (7th Cir.1995) ("the effect of a vacation is to nullify the previously-imposed sentence"); *United States v. Maldonado*, 996 F.2d 598, 599 (2d Cir.1993) ("when a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced"). As such, the relevant sentence for purposes of determining eligibility for waiver is the sentence of 48 months and 360 days. There is no basis on which to hold petitioner accountable for a sentence in excess of that authorized imposed as a consequence of ineffective assistance of counsel at the time of his sentencing.

■ With the matter of his sentence resolved, petitioner's circumstances fall within the ambit of *St. Cyr*. The substantive offense of which he was convicted would not have disqualified him from consideration for a waiver of removal pursuant to § 212(c). *See Montilla v. INS*, 926 F.2d 162, 170 (2d Cir.1991). Petitioner is a lawful permanent resident who has lived in this country for in excess of seven years, entered into a plea agreement and was convicted prior to April 1, 1997, *see id.* at 315, 121 S.Ct. 2271, served less than a five-year term of imprisonment, and was denied the opportunity to apply for waiver of removal pursuant to § 212(c). *See St. Cyr*,

533 U.S. at 297, 121 S.Ct. 2271. The proper remedy for one denied the right to apply for a § 212(c) waiver is to remand his case to the BIA for further remand to the Immigration Judge, at which time his application for waiver shall be heard.

■ Petitioner also alleges that he is subject to an illegal detention of an indefinite duration and seeks an order mandating his release. Such argument is problematic. As an initial matter, on August 28, 2001, petitioner sought and was granted an order staying his deportation pending resolution of his claims, which stay remains in effect. If petitioner argues he is subject to an indefinite detention of the nature addressed by *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), he must first identify how his indefinite detention through the failure to remove him is attributable to the action or inaction of the government. *See Doherty v. Thornburgh*, 943 F.2d 204, 210–12 (2d Cir.1991); *Dor v. District Director*, 891 F.2d 997, 1002 (2d Cir.1989). As much of the delay in the present case is attributable to legal proceedings commenced by petitioner in an effort to prevent his removal, there is no evidence that his protracted detention is attributable to the actions of the government.

■ Petitioner also asks this Court to intervene and order his supervised release. It is further undisputed that petitioner is subject to a final order of removal.[4] Detention following a final order of deportation is governed by § 241 of the INA, 8 U.S.C. § 1231(a)(6). Petitioner's reference to the general procedures applicable to detention pursuant to § 241 implicates the detailed procedures for supervised release set forth in 8 C.F.R. § 241.4.[5]

---

**4.** After a final order of deportation issues, the district director of the INS determines whether release on bond is appropriate. *See* 8 C.F.R. § 241.4(c)(1), (h), (k)(1)(I); *Zadvydas v.*

*Davis*, 533 U.S. 678, 683, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

**5.** The INS has ninety days from the date of a final order of removal to deport an alien. *See*

There is no evidence of non-compliance with these procedures or that the procedures themselves are somehow inherently defective. Absent such a showing, this Court may not interfere with INS procedures governing detention.

## III. CONCLUSION

The petition for writ of habeas corpus (Doc. 1) is granted in part. The Board of Immigration Appeals is hereby ordered to remand the present case to the Immigration Judge for consideration of the merits of petitioner's application of waiver pursuant to § 212(c). The Clerk shall close the file.

SO ORDERED.

8 U.S.C. § 1231(a). An alien ordered deported pursuant to 8 U.S.C. § 1227(a)(2) may be detained beyond the mandatory ninety-day period. *See* 8 U.S.C. § 1231(a)(6). Review of detention for the next three months is made by the INS District Director, *see* 8 CFR § 241.4(c)(1), or, on referral by the District Director, by the Headquarters Post–Order Detention Unit (HQPDU), *see* 8 CFR § 241.4(c)(1). HQPDU conducts all reviews after the six-month period following a final order of removal. *See id.*