08-6108-cr
United States v. Rossi

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: November 18, 2009)                                        Decided: January 28, 2010)

Docket No. 08-6108-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

TRICIA ROSSI,

*Defendant-Appellant.*

Before: KEARSE, CABRANES, and STRAUB, *Circuit Judges*.

Defendant-appellant Tricia Rossi appeals from an amended judgment entered on December 12,

2008 in the United States District Court for the Southern District of New York (Denise Cote, *Judge*)

incorporating an amended restitution order of $200,604.61, after an earlier restitution order by Judge

Richard Owen was twice vacated and remanded between 2000 and 2001. Rossi contends that because

she had already completed her assigned 42 months' imprisonment and three years' supervised release

by the time Judge Cote entered the new restitution order, the District Court no longer had jurisdiction

to do so. We agree with Judge Cote that the District Court still had jurisdiction to reimpose restitution

in 2008 based on our remand to the District Court in 2001. We hold that the provisions of the

governing statute in this case, the Victim and Witness Protection Act of 1982, were complied with

because, *inter alia*, the restitution order was imposed at the time that Rossi was resentenced following

1

our remand, and that Rossi has not shown that she was prejudiced by the lapse of time preceding resentencing. The judgment of the District Court is therefore affirmed.

JESSE M. FURMAN, Assistant United States Attorney (Rebecca A. Rohr, Assistant United States Attorney, *of counsel*) Lev L. Dassin, Acting United States Attorney, Office of the United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

RICHARD WARE LEVITT, Levitt & Kaizer, New York, NY, *for Appellant*.

PER CURIAM:

The question presented is whether, under the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3663 (1995), the District Court had authority to enter an amended order of restitution when a defendant has already completed the terms of imprisonment and supervised release imposed.

Defendant-appellant Tricia Rossi ("Rossi" or "defendant") was convicted after a jury trial before Judge Richard Owen in the United States District Court for the Southern District of New York of one count of conspiracy to defraud health insurance companies, in violation of 18 U.S.C. § 371, and twenty-one counts of substantive mail and wire fraud in connection with the health insurance scheme, in violation of 18 U.S.C. §§ 1341 and 1343. On September 17, 1999 Rossi was sentenced to 42 months' imprisonment, to be followed by three years' supervised release, and was ordered to pay restitution in the amount of $634,889. On June 27, 2000, we affirmed defendant's conviction but, with the consent of the government and based on its concession that the record of the sentencing hearing did not adequately reflect whether Judge Owen had considered several mandatory factors before imposing the order of restitution, we vacated the restitution order. *See United States v. Popovic*, No. 99-1566, 2000 WL 839975, at *6 (2d Cir. June 27, 2000) ("*Popovic I* "). On remand, after confirming that he had considered

2

the relevant mandatory factors, Judge Owen on September 29, 2000 reimposed restitution in the amount of $634,889, to be paid at a rate of 10% of Rossi's gross monthly income during the period of her supervised release. On April 5, 2001, we again vacated the restitution order and remanded solely for the purpose of allowing defendant to contest the restitution amount and inspect the documentation used to calculate the loss amount. *See United States v. Popovic*, 8 F. App'x 22 (2d Cir. 2001) ("*Popovic II* ").

As it happened, due to the passage of time, the government no longer possessed the relevant supporting documents. Accordingly, the government sought and obtained records of losses incurred by some of the defrauded insurance companies. Rossi completed her term of imprisonment on November 15, 2002, and she completed her term of supervised release three years later. Between 2004 and 2008, defense counsel and the government "had occasional discussions about resolving the [restitution] matter but were unable to reach agreement." Appellee's Br. 12.

In September 2008, the government wrote to Judge Owen to request a conference regarding the reimposition of restitution. Defense counsel objected on the ground that Rossi, having completed her terms of imprisonment and supervised release, was no longer under the "jurisdiction" of the District Court. In October 2008, the case was transferred from Judge Owen to Judge Cote, who scheduled a conference for October 23, 2008. Judge Cote determined that she had the authority to reimpose restitution because the Court of Appeals had "remanded the sentence of the defendant for a determination of the amount of restitution." App. 36 (Hr'g Tr. Dec. 11, 2008). After hearing witnesses and arguments from both sides, Judge Cote "reimpose[d] the sentence that [had] been imposed upon [the defendant] except [amended] the amount of restitution," concluding that the government had proven losses attributable to Rossi's offenses totaling $200,604.61. *Id.* at 139. Rossi appeals from that amended judgment.

**DISCUSSION**

On appeal, Rossi argues that (1) the District Court lacked authority to enter an order of restitution because she had completed serving her terms of imprisonment and supervised release, and (2) the government failed to support its request for restitution by a preponderance of the evidence.

**A. Jurisdiction Under the Victim and Witness Protection Act of 1982**

We first note that it is undisputed that the District Court had jurisdiction and the authority to enter an order of restitution after this Court remanded the cause to the District Court in 2001. The question is thus whether at some point between this Court's remand in 2001 and the entry of the modified restitution order in 2008, the District Court was divested of its authority.

The issue of restitution in this case is governed by the VWPA. Although Rossi's conviction occurred after the enactment of the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub. L. No. 104-132, tit. 2(a)(ii), § 205, 110 Stat. 1214, 1229-32, her conduct predated the MVRA and, therefore, the parties have proceeded throughout this litigation with an understanding that the 1995 provisions of the VWPA apply to the present case. Rossi contends that the District Court lacked jurisdiction to enter an order of restitution in 2008, based on two VWPA provisions. First, she argues that although the present restitution order was entered after she had "finished serving her sentence and supervised release period, " Appellant's Br. at 15, the VWPA "requir[ed] that restitution be imposed at the time of sentence," *id.* at 16. It is true that the VWPA permits a district court to impose restitution "when sentencing a defendant," 18 U.S.C. § 3663(a)(1) (1995). However, we interpret this provision to apply both to a district court's original sentencing of a defendant and to a resentencing ordered by the court of appeals. Any suggestion that the provision applies only to the district court's original sentencing ignores our system of appellate review. *See generally* 18 U.S.C. § 3742(f)(1) (1995) ("If the court of appeals determines that the sentence was imposed in violation of law . . . , the court

4

shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate . . . ."); *id.* § 3742(g) (2006) ("A district court to which a case is remanded pursuant to subsection (f)(1) . . . shall resentence [the] defendant in accordance with . . . such instructions as may have been given by the court of appeals . . . ."). Here, the restitution aspects of Rossi's original and amended sentences were vacated by *Popovic I* and *Popovic II*, respectively, and her case was remanded for resentencing. These remands returned jurisdiction over the case to the District Court. It was on remand that the District Court imposed the new restitution provisions as part of Rossi's resentencing. We therefore see no violation of the "when sentencing " provision of § 3663(a)(1).

Second, Rossi argues that the District Court had no authority to enter a restitution order in 2008, contending that the VWPA provides that the court cannot order that restitution be paid "later than . . . five years after the end of the term of imprisonment imposed." 18 U.S.C. § 3663(f)(2)(B) (1995). We reject this argument because it relies on a subsection of § 3663(f)[1] that is inapplicable to the order entered by Judge Cote. A reading of § 3663(f) as a whole makes clear that the five-year limitation imposed in subsection (f)(2) applies only to restitution orders that either specify a period during which payment is to be made or provide an installment plan pursuant to which payments are to be made. Subsection (f)(3) provides that if there is neither a specified period nor an installment plan, restitution is to be made immediately; although subsection (f)(3) requires a defendant to make

---

[1] That section provided as follows:
(1) The court may require that [a defendant convicted of an offense specified in § 3663(a)(1)] make restitution under this section *within a specified period or in specified installments.*
(2) The end of *such period or the last such installment shall not be later than--*
    (A) the end of the period of probation, if probation is ordered;
    (B) *five years after the end of the term of imprisonment imposed,* if the court does not order probation; and
    (C) five years after the date of sentencing in any other case.
(3) *If not otherwise provided by the court under this subsection, restitution shall be made immediately.*
18 U.S.C. § 3663(f) (emphases added).

restitution immediately after it is imposed, it includes no time limitation upon when a court may impose that restitution order.

The restitution order at issue on this appeal was imposed by Judge Cote without specification of any period during which Rossi is to make payment and without any provision for Rossi to make payments in installments. Accordingly, the present restitution order is governed by subsection (f)(3). Subsection (f)(2) is simply not applicable. We therefore reject Rossi's contention that the restitution order imposed in 2008 was foreclosed simply by the passage of time between our second remand and Rossi's resentencing.

Finally, we note that in construing a timing limitation on sentencing under the MVRA, we have indicated that a defendant might be entitled to invoke that time limitation if she could make "a clear showing that [her] substantial rights ha[d] been prejudiced by [the] delay." *United States v. Zakhary*, 357 F.3d 186, 192 (2d Cir. 2004). Even if we were to extend that analysis of the MVRA and apply it to a matter arising under the VWPA, Rossi has not shown that she was prejudiced by the lapse of time. If anything, the delay has served to benefit her, due to the loss of proof as to the initial amount of damage suffered by the victim companies.

Accordingly, we hold that (1) the District Court properly ruled that the passage of time did not divest it of jurisdiction to order restitution following this Court's remand for resentencing, and (2) the District Court correctly entered an order of restitution.

**B. Amount of Restitution Ordered by the District Court**

Rossi argues also that the District Court erred in determining the amount of restitution imposed. We review restitution orders for "abuse of discretion," *see, e.g.*, *United States v. Kinlock*, 174 F.3d 297, 299 (2d Cir. 1999); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous

6

assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal quotation marks, citations, and alterations omitted)), and factual findings underlying a restitution order for clear error, *see, e.g., In re Rendón Galvis*, 564 F.3d 170, 174-75 (2d Cir. 2009). Our review of all VWPA cases, such as this one, is "extremely deferential," *United States v. Giwah*, 84 F.3d 109, 114 (2d Cir. 1996), because ordering restitution "requires a delicate balancing of diverse, sometimes incomparable[,] factors, some of which not only lack certainty but may indeed be based on mere probabilities, expectations, guesswork, even a 'hunch,'" *United States v. Atkinson*, 788 F.2d 900, 902 (2d Cir. 1986). The sentencing court is in the best position to engage in such balancing and therefore "it makes little sense for an appellate court, significantly more removed from the case than the district court, to scrutinize the decision closely." *United States v. Porter*, 90 F.3d 64, 68 (2d Cir. 1996).

In ordering restitution, Judge Cote was cautious and restrained, noting, with respect to one of the claimed losses, that even though she thought it was "extraordinarily likely that most of this was a loss attributed to the [defendant's] conspiracy," she would not attribute that loss to defendant. App. 139 (Hr'g Tr. Dec. 11, 2008). Judge Cote explained, "I'd be speculating and choosing numbers and I'm not going to do that." *Id.* We have reviewed the record and are satisfied that the government produced sufficient evidence to support Judge Cote's restitution order. We cannot conclude that the District Court erred, much less "abused its discretion," in imposing the restitution amount that it did.

We have considered each of Rossi's arguments on this appeal and find them to be without merit.

7

**CONCLUSION**

We hold that the provisions of the VWPA were complied with in this case because, *inter alia*, the restitution order was imposed at the time that Rossi was resentenced following our remand, and Rossi has not shown that she was prejudiced by the lapse of time between our last remand and Rossi's resentencing.

Accordingly, the December 12, 2008 order of the District Court is AFFIRMED.