**NOT FOR PUBLICATION**

FILED

JUL 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-55782 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-06520-R-SS |
| v. | |
| STEPHEN J. MURPHY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 11, 2010
Pasadena, California

Before:     TROTT and W. FLETCHER, Circuit Judges, and MAHAN, District
Judge.**

Stephen Murphy appeals from the district court's order denying his motion

to dismiss the government's writ of garnishment action seeking to enforce a

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

$14 million criminal restitution judgment against him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Murphy's restitution order is governed by the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663 (1988).[1] See United States v. Bussell, 414 F.3d 1048, 1061 (9th Cir. 2005) (noting that the VWPA governs orders of restitution for offenses committed prior to 1996).

The government's enforcement action is not time-barred. The restitution order remains enforceable even though Murphy was released from imprisonment more than five years ago. See United States v. Soderling, 970 F.2d 529, 535 n.12 (9th Cir. 1992) ("'[The five-year limit in § 3663(f)(2)(B)] protects the victim, not the offender. It limits the duration of a grace period . . . and does not terminate the obligation to make restitution.'" (quoting United States v. House, 808 F.2d 508, 511-12 (7th Cir. 1986)); United States v. Keith, 754 F.2d 1388, 1393 (9th Cir. 1985) ("The district court apparently mistakenly assumed that subsection 3579(f)(2)(B)[2] defines the period for payment of restitution ordered under the Act.

---

[1] Subsection (f) of § 3663 was repealed in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 205. Unless otherwise noted, references to § 3663 will be to the version in effect in 1992 under the VWPA.

[2] Former 18 U.S.C. § 3579(f) was renumbered as 18 U.S.C. § 3663(f) by the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Title II, §§ 212(a).

2

It does not. It merely defines the maximum payment period that may be specified." (footnote added, footnote omitted)); see also United States v. Young, 593 F.3d 773, 774 (8th Cir. 2010) (per curiam); United States v. Rossi, 592 F.3d 372, 375 (2d Cir. 2010); United States v. Ridgeway, 489 F.3d 732, 735-37 (5th Cir. 2007); FDIC v. Dover, 453 F.3d 710, 715-16 (6th Cir. 2006); United States v. Fuentes, 107 F.3d 1515, 1533 n.33 (11th Cir. 1997); House, 808 F.2d at 511.[3]

Murphy waived his right to challenge the amount of restitution ordered in the judgment by failing to file a direct appeal from that judgment. See United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

Murphy waived any argument that the restitution order is ambiguous by not raising that argument in his opening brief. See United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005). Moreover, such an argument lacks merit in light of Murphy's plea agreement, in which he agreed to pay full restitution for the losses caused by his conduct.

**AFFIRMED.**

---

[3] But see United States v. Bruchey, 810 F.2d 456, 459-60 (4th Cir. 1987) (noting that when a court orders restitution in installments, the VWPA "clearly limits the period within which restitution is due" to five years after the end of the term of imprisonment (quotation omitted)); United States v. Brown, 744 F.2d 905, 911 (2d Cir. 1984) ("Recognizing that indigency may be temporary, Congress provided for payment of restitution during a period of up to five years after the completion of any prison sentence imposed.").

3