12-1535-cr
United States v. Perez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              ROBERT D. SACK,
                              <u>Circuit Judge</u>,
              JED S. RAKOFF,[*]
                              <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
              <u>Appellee</u>,

              -v.-                                            12-1535-cr

CLOVER PEREZ,
              <u>Defendant-Appellant</u>,
- - - - - - - - - - - - - - - - - - - -X

---

[*]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**          Florian Miedel, New York, New York.

**FOR APPELLEE:**          Niketh Velamoor, (James Pastore, Jr., and Jennifer G. Rodgers, <u>on the brief</u>) <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Aspen, <u>J.</u>[**]).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Clover Perez appeals her conviction and sentence following a jury trial in the United States District Court for the Southern District of New York (Aspen, <u>J.</u>). Perez was convicted of several counts of fraud and identity theft arising from a scheme in which she falsely told undocumented immigrants that she could obtain legal status for them. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Because Perez failed to object properly to the district court's jury instructions, we review those instructions for plain error. <u>See</u> <u>United States v. Kaiser</u>, 609 F.3d 556, 564-65 (2d Cir. 2010). Under this standard, Perez "must demonstrate that any error (1) is 'clear or obvious, rather than subject to reasonable dispute'; (2) 'affected [her] substantial rights'--<u>i.e.</u>, 'that there is a reasonable probability that the error affected the outcome of the trial'; and (3) 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" <u>Id.</u> at 565 (quoting <u>United States v. Marcus</u>, 130 S. Ct. 2159, 2164 (2010)).

---

[**] Judge Marvin E. Aspen, of the United States District Court for the Northern District of Illinois, sitting by designation.

As for the "uncalled witness" instruction, Perez has failed to show that there was a "reasonable probability" that the charge "affected the outcome of the trial." Kaiser, 609 F.3d at 565. Perez suffered no prejudice from the instruction--even if it had been error to give the instruction at all--because there *was no uncalled witness for Perez*. See United States v. Caccia, 122 F.3d 136, 139 (2d Cir. 1997) (requiring prejudice in similar circumstance). In fact, since the government called only a few of the dozens of victims in this case, the charge far more likely prejudiced the government, not Perez.

As for the "conscious avoidance" instruction, Perez suffered no prejudice because the government proved actual knowledge with overwhelming evidence. In fact, the district court might well have declined to give the instruction on that basis. See United States v. Kaplan, 490 F.3d 110, 127-28 (2d Cir. 2007).

As for the "function-of-the-jury" instruction, when viewed in the context of the jury charge as a whole, see United States v. Zvi, 168 F.3d 49, 58 (2d Cir. 1999), there was no error. The district court repeatedly instructed the jury properly on the government's burden.

2. We review factual findings as to the loss amount and the vulnerable victim enhancement for clear error. See United States v. Uddin, 551 F.3d 176, 180 (2d Cir. 2009) (loss amount); United States v. Patasnik, 89 F.3d 63, 72 (2d Cir. 1996) (vulnerable victim enhancement).

The district court's findings as to loss amount were not clearly erroneous. Hearsay is admissible in sentencing proceedings. United States v. Martinez, 413 F.3d 239, 242 (2d Cir. 2005). The district court therefore properly considered the victims' statements to investigators. Moreover, the district court "need not [have] establish[ed] the loss with precision but rather need[ed] only [to have] ma[d]e a reasonable estimate of the loss, given the available information." Uddin, 551 F.3d at 180 (internal quotation marks and citations omitted). The court was therefore entitled to "extrapolat[e] the average amount of loss from known data and apply[] that average to transactions where the exact amount of loss is unknown." United States v. Bryant, 128 F.3d 74, 76 (2d Cir. 1997) (per curiam).

The enhancement for vulnerable victims also was not clearly erroneous.  As the district court found, the victims were not sophisticated in the area of immigration law.  Moreover, their status as undocumented immigrants made it easy for Perez to prey on their desperation to gain legal status without being worried about her victims turning her in to the authorities.  Thus, Perez "shape[d] the nature of the crime . . . to target a class of victims that are virtually all particularly vulnerable to that crime." United States v. McCall, 174 F.3d 47, 50 (2d Cir. 1998).

3.  We review the restitution order for plain error because Perez did not object below.  See United States v. Coriaty, 300 F.3d 244, 252 (2d Cir. 2002).  Although a district court must conclude that restitution is appropriate by a preponderance of the evidence, the calculation "'requires a delicate balancing of diverse, sometimes incomparable[,] factors, some of which not only lack certainty but may indeed be based on mere probabilities, expectations, guesswork, even a hunch.'" United States v. Rossi, 592 F.3d 372, 376 (2d Cir. 2010) (alteration in original) (quoting United States v. Atkinson, 788 F.2d 900, 902 (2d Cir. 1986)).  There was ample evidence to support the conclusion that Perez routinely told people she could get them legal status when she knew that was not true.  Perez offered no evidence that any victim was a coconspirator.

For the foregoing reasons, and finding no merit in Perez's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4