12-3683-cr
United States v. Borker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand thirteen.

PRESENT:   CHESTER J. STRAUB,
           REENA RAGGI,
                    *Circuit Judges*,
           BRIAN M. COGAN,
                    *District Judge*.*

----------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

           v.                                        No. 12-3683-cr

VITALY BORKER, a/k/a Stanley Bolds, a/k/a Tony Russo,
                    *Defendant-Appellant*.

----------------------------------------------------------------------------------

APPEARING FOR APPELLANT:        DOMINIC F. AMOROSA, ESQ., New York, New York.

APPEARING FOR APPELLEE:         DANIEL W. LEVY (Danya Perry, Iris Lan, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

* The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 10, 2012, is AFFIRMED.

Defendant Vitaly Borker appeals from a judgment of conviction sentencing him to four concurrent terms of 48 months' incarceration, following a guilty plea to two counts of threatening interstate communications, see 18 U.S.C. § 875(c), and one count each of mail fraud, see id. § 1341, and wire fraud, see id. § 1343. Borker argues that the district court committed procedural error in calculating his Guidelines range by (1) denying him a three-level credit for acceptance of responsibility under U.S.S.G. § 3E1.1; (2) applying a six-level enhancement for conduct evincing an intent to carry out his threats under U.S.S.G. § 2A6.1(b)(1); and (3) applying a six-level enhancement for the amount of loss related to his fraud under U.S.S.G. § 2B1.1. See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (stating that district court commits procedural error, inter alia, where it miscalculates applicable Guidelines range). He further challenges the district court's restitution award. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Acceptance of Responsibility

Whether a defendant "has accepted responsibility is a factual question," and the district court's resolution of that question will "not be disturbed unless it is without foundation." United States v. Taylor, 475 F.3d 65, 68 (2d Cir. 2007) (internal quotation marks omitted); see also U.S.S.G. § 3E1.1 cmt. n.5 (stating that district court determination entitled to "great deference on review"). "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.1(A). Here, in support of his request for a non-incarceratory sentence, Borker represented to the district court that he had not threatened sexual violence against the victims of the two § 875 crimes. After conducting a hearing, at which it heard directly from one of the victims as to the sexual threats made by Borker,[1] the district court credited the victim's account and denied Borker a § 3E1.1 credit, at least in part, on that basis. On this record, we cannot conclude that the district court's decision was "without foundation." United States v. Taylor, 475 F.3d at 68 (internal quotation marks omitted).[2]

---

[1] After this victim testified, the parties stipulated that the other victim would also testify that Borker threatened her with sexual assault.

[2] Borker concedes that his threats against the two victims of the § 875 counts of conviction were "relevant conduct" to be considered in assessing his acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n.1(A). Because we conclude that the district court acted within its discretion in finding that Borker falsely denied that relevant conduct, we need not address his argument that the district court improperly considered his homicidal threats against other testifying victims of Borker as relevant conduct in denying him a § 3E1.1 credit. Borker does not, and cannot, argue that the district court could not consider this

3

Insofar as Borker continues to attack his victims' credibility on appeal, not only does he provide no basis for upsetting the district court's finding, he also underscores his persistent refusal to accept responsibility for his crimes, thereby confirming the propriety of the district court's denial of § 3E1.1 credit. See United States v. Sewell, 252 F.3d 647, 652–53 (2d Cir. 2001) (upholding denial of § 3E1.1 credit where, inter alia, defendant attacked victim's credibility). We reject Borker's contention that the district court erred in concluding that the victims were, and thus that Borker was not, credible as to the nature and severity of Borker's threats. See United States v. Iodice, 525 F.3d 179, 185 (2d Cir. 2008) (stating that when "credibility determinations are at issue, we give particularly strong deference to a district court finding"). Borker has offered no convincing reason why the victims would fabricate their testimony, and we can conceive of none.

We further reject Borker's argument that he did not deny relevant conduct before the district court because he disputed only the "exact language" of his charged threats, Appellant Br. 21, not the threats themselves. By disputing that he used language threatening sexual violence, Borker in effect denied the severity of his crime in a way that was "inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.1(A); see United States v. Brennan, 395 F.3d 59, 75 (2d Cir. 2005) (affirming denial of § 3E1.1 reduction where defendant, inter alia, "sought to minimize or conceal the extent of his guilt").

---

testimony of uncharged threats in assessing the credibility of his denials as to the charged relevant conduct. See United States v. Gomez, 580 F.3d 94, 105 (2d Cir. 2009). Nor can he question the district court's discretion to consider such evidence in otherwise making an independent decision as to the sentence warranted pursuant to 18 U.S.C. § 3553(a). See United States v. Cavera, 550 F.3d at 188–90.

Borker's remaining § 3E1.1 arguments merit little discussion. First, the district court was not bound by statements indicating Borker's entitlement to § 3E1.1 credit, because it made those statements before Borker himself disputed the nature and severity of the threats at issue. Second, the record belies Borker's contentions that the district court attempted to coerce him into making admissions in violation of due process and that the district court failed adequately to consider his mental health issues in imposing sentence. Third, insofar as Borker argues that the district court's factfinding violated the Sixth Amendment as construed in Apprendi v. New Jersey, 530 U.S. 466 (2000), he is wrong, because the district court certainly recognized the Guidelines to be advisory. See United States v. Booker, 543 U.S. 220, 245 (2005) (Remedial Op., Breyer, J.); see also United States v. Awan, 607 F.3d 306, 312 (2d Cir. 2010) ("When finding facts relevant to sentencing for Guidelines calculation purposes, the district court [is] required to use the preponderance of the evidence standard." (alteration in original; internal quotation marks omitted)).

2.      Evidence of Intent To Carry Out Threats

Borker argues that the district court erred in applying a six-level enhancement in calculating his Guidelines range on both § 875 counts of conviction because the record did not show that either "offense involved any conduct evidencing an intent to carry out" his threats. U.S.S.G. § 2A6.1(b)(1). We need not address the merits of this claim because even if we were to resolve it in Borker's favor, he would not be entitled to resentencing. The district court clearly stated on the record that its sentence was not "going to be driven by the guidelines." Tr. 15:17–18, J.A. 289. Indeed, it stated that, regardless of whether the

5

six-level enhancement under § 2A6.1(b)(1) applied, it would have imposed the same 48-month sentence because of "the nature of these threats," "the sheer volume of them," and the fact that the threats were made as "part of a business model." Tr. 15:24–16:1, J.A. 289.[3] Thus, any § 2A6.1(b)(1) error was necessarily harmless. See United States v. Coppola, 671 F.3d 220, 251 & n.28 (2d Cir. 2012) (concluding that any error in Guidelines range calculation would have been "harmless because the district court would certainly [have] impose[d] the challenged sentence in any event"); United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009) (holding error harmless where record indicated clearly that district court would nevertheless have imposed same sentence).

3.    Loss Amount

Borker claims that, because the district court erred in calculating a total loss amount of between $30,000 and $70,000 on the mail and wire frauds, it incorrectly applied a six-level Guidelines enhancement under U.S.S.G. § 2B1.1. "In calculating the amount of loss under the Guidelines, a sentencing court 'need only make a reasonable estimate of the loss.'" United States v. Rigas, 583 F.3d 108, 120 (2d Cir. 2009) (quoting U.S.S.G. § 2B1.1 cmt. n.3(C)); see United States v. Bryant, 128 F.3d 74, 75 (2d Cir. 1997) ("[T]he Guidelines do not require that the sentencing court calculate the amount of loss with certainty or precision."). Thus, our review of the district court's loss calculation is limited to determining whether its "method of calculating the amount of loss was legally acceptable," United States

---

[3] The record belies Borker's argument that the district court failed to justify its imposition of the same sentence irrespective of the Guidelines.

v. Rutkoske, 506 F.3d 170, 178 (2d Cir. 2007) (internal quotation marks omitted), and whether its factual determinations were clearly erroneous, see United States v. Brennan, 395 F.3d 59, 74 (2d Cir. 2005). Here, after reviewing the parties' submissions on loss, the district court credited the government's position that adding together the amount of money that each individual victim of Borker's fraud lost yielded a total loss amount between $30,000 and $70,000. We have no basis to question that calculation, and we conclude that the district court's estimate was reasonable. See U.S.S.G. § 2B1.1 cmt. n.3(A)(i) (defining "[a]ctual loss" to mean "reasonably foreseeable pecuniary harm that resulted from the offense").

In urging otherwise, Borker relies on district court statements questioning whether all of the victims' losses derived from fraud. See United States v. Rutkoske, 506 F.3d at 179 (stating that "loss must be the result of the fraud" (internal quotation marks omitted)). Such statements, however, did not preclude the district court from subsequently determining that the loss amounts derived from fraud, especially in light of its finding, made after the statements highlighted by Borker, that Borker operated a "business model that included defrauding people with repairs and also with respect to new glasses." Tr. 19:13–14, J.A. 290; see also U.S.S.G. § 2B1.1 cmt. n.3(C) (stating that "sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence" and thus "court's loss determination is entitled to appropriate deference").

Insofar as Borker argues that restocking fees were not properly included in a calculation of loss attributable to fraud because he disclosed them on his website, the district court did not clearly err in concluding otherwise. The district court could appropriately have

7

considered as loss even disclosed restocking fees that customers paid only as a result of their fraudulent inducement to purchase merchandise that was defective or counterfeit. See U.S.S.G. § 2B1.1 cmt. n.3(C); PSR ¶ 19 (discussing Borker's fraudulent claim that all "items are 100% brand new and [a]uthentic, direct from manufacturer" and "come complete with certificate of authenticity"). In any event, given the small amount attributable to restocking fees, their exclusion from the total amount of loss would not have reduced the district court's estimated loss amount of between $30,000 and $70,000. Thus, any error by the district court in considering the restocking fees as loss would be harmless. See United States v. Coppola, 671 F.3d at 251 & n.28.

4.    Restitution

Borker argues that the district court incorrectly included restocking fees and charges ultimately refunded to victims in its calculation of restitution. See 18 U.S.C. § 3663A. Borker did not object to the amount of restitution before the district court, and thus we review his claim only for plain error, which we do not identify here. See United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (stating plain error exists where (1) there is error that (2) is clear or obvious, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings).

The district court ordered Borker to pay $46,146.23 in restitution, an amount it derived from GX-7-REV. That exhibit shows that the government did not include money refunded to victims in its calculation of the restitution amount, and Borker has offered no evidence to the contrary. Moreover, for the reasons discussed in section 3, supra, the district

8

court could have appropriately considered the restocking fees as loss for which Borker owed restitution. Thus, we identify no error, let alone plain error, in calculating the amount of restitution. See United States v. Rossi, 592 F.3d 372, 376 (2d Cir. 2010) (stating that calculating restitution "requires a delicate balancing of diverse, sometimes incomparable, factors" and thus "it makes little sense for an appellate court, significantly more removed from the case than the district court, to scrutinize the decision closely" (alterations and internal quotation marks omitted)).

We have considered Borker's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9