09-2888-cr
USA v. Leonard (Dickau)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

Present: ROGER J. MINER,
           ROBERT A. KATZMANN,
                      *Circuit Judges*,
           DENISE COTE,
                    *District Judge*.[*]

---

UNITED STATES OF AMERICA,

                *Appellee*,

                - v -                No. 09-2888-cr

WILLIAM A. NEWSOM,

                *Defendant,*

PAUL C. DICKAU,

                *Defendant-Appellant*.[**]

---

For Defendant-Appellant:              NORMAN TRABULUS, New York, N.Y.

---

[*] The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

For Appellee:                                    CHARLES P. KELLY, Assistant United States
                                                 Attorney (David C. James, Assistant United
                                                 States Attorney, *on the brief*), *for* Loretta E.
                                                 Lynch, United States Attorney for the Eastern
                                                 District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York
(Wexler, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Paul C. Dickau ("Dickau") appeals from a July 1, 2009 restitution

order issued by the United States District Court for the Eastern District of New York (Wexler,

*J.*).  Dickau was convicted, following a jury trial, of two counts of conspiracy to commit

securities and mail fraud and two substantive counts of securities fraud.  Each of these four

counts regarded Dickau's failure to disclose accurately the sales commissions that Dickau's

company would receive in connection with the sale of interests in companies formed to finance

the production and distribution of motion pictures.  The district court sentenced Dickau to 43

months' imprisonment and ordered him to pay $499,989.64 in restitution, an amount that

equaled the purchase price of the securities sold by Dickau.  This Court affirmed Dickau's

judgment of conviction by opinion dated June 11, 2008, *see United States v. Leonard*, 529 F.3d

83, 93 (2d Cir. 2008), but vacated and remanded for resentencing, concluding that "the district

court erred in not deducting from the purchase price the actual value of the instruments" because

the securities that the investors received were not necessarily "entirely without value," *id.* at 93.

On remand, the district court concluded that the securities were worth 75% of their purchase

price, adjusted to reflect the amount of the sales commissions that Dickau fraudulently

concealed.  Based on that calculation, the district court resentenced Dickau to 15 months'

imprisonment and ordered him to pay $106,379 in restitution (representing the full amount of the

2

sales commissions that Dickau fraudulently concealed from investors).  We assume the parties'

familiarity with the remaining facts and procedural history of this case.

On appeal, Dickau principally argues that the amount of the undisclosed commissions

(*i.e.*, 25% of the instruments' purchase price) was not a reasonable estimate of the actual loss to

investors caused by the fraud.[1]  We disagree.

We review a district court's order of restitution for abuse of discretion.  *See United States*

*v. Lucien*, 347 F.3d 45, 52 (2d Cir. 2003).  "To identify such abuse, we must conclude that a

challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot

be located within the range of permissible decisions."  *United States v. Pearson*, 570 F.3d 480,

486 (2d Cir. 2009) (per curiam) (quotation marks omitted).  Where there are challenges to the

court's findings of fact, we review for clear error, and insofar as the order rests on interpretations

of law, we review those interpretations *de novo*.  *Lucien*, 347 F.3d at 53.

Our review of restitution orders is "extremely deferential," *United States v. Giwah*, 84

F.3d 109, 114 (2d Cir. 1996), because ordering restitution "requires a delicate balancing of

diverse, sometimes incomparable[,] factors, some of which not only lack certainty but may

indeed be based on mere probabilities, expectations, guesswork, even a 'hunch,'" *United States*

*v. Atkinson*, 788 F.2d 900, 902 (2d Cir. 1986).  We have long held that the sentencing court is in

the best position to engage in such balancing and that it therefore "makes little sense for an

appellate court, significantly more removed from the case than the district court, to scrutinize the

decision closely."  *United States v. Jaffe*, 417 F.3d 259, 263 (2d Cir. 2005) (quotation marks

omitted).

---

[1] Dickau does not appeal the district court's sentence of 15 months' imprisonment, which was based in part on the district court's loss calculation, because it fell "within the range that applies given no loss at all."  Def. Br. at 4.

Based on the record before us, we are satisfied that the district court acted well within its discretion in ordering Dickau to pay restitution based on the amount of the undisclosed commissions. The primary purpose of the Mandatory Victims Restitution Act of 1996 ("MVRA"), which governs the order of restitution in this case, is to make crime victims whole by fully compensating them for their losses. *United States v. Boccagna*, 450 F.3d 107, 115 (2d Cir. 2006). Notably, though, the MVRA is silent "on the question of *how* the [stolen property] is to be valued," and instead contemplates "the exercise of discretion by sentencing courts in determining the measure of value appropriate to restitution calculation in a given case." *Id.* at 114 (emphasis in original); *see* 18 U.S.C. § 3664(f)(1)(A) (2006) ("[T]he court shall order restitution to each victim in the full amount of each victim's losses *as determined by the court . . . .*" (emphasis added)). Thus, we have emphasized that "value," as used in the MVRA, is "a flexible concept to be calculated by a district court by the measure that best serves Congress's statutory purpose" of making crime victims whole. *Boccagna*, 450 F.3d at 115; *see id.* at 116 (noting that despite "the general reliability of fair market value as a measure of property value, in some circumstances other measures of value may more accurately serve the statutory purpose to ensure a crime victim's recovery of the full amount of his loss"); *see also United States v. Shugart*, 176 F.3d 1373, 1375 (11th Cir. 1999) ("Where actual cash value is difficult to ascertain — because an item is unique, or because there is not a broad and active market for it — replacement cost may be a better measure of value.").

Here, in light of this flexibility, we see no abuse of discretion in the district court's decision to choose a valuation method that approximates the investors' losses by focusing on the fraud's effect on the original pricing of the securities. Such an approach accurately (and reasonably) reflects the nature of the fraud in this case, which centered on hiding exorbitantly high commission rates so as to induce investors to buy securities at an inflated price. The district

4

court's loss calculation also reflects the fact that the fraud in question related to how the investors' money would be spent, rather than the inherent value of a particular asset or liability. By pegging actual loss to the amount of the undisclosed commissions, the court ensured that Dickau was held liable for the loss caused by his fraud, *i.e.,* the non-disclosure of the excessive commissions.

Dickau also argues that the district court improperly created a sentencing disparity between him and his co-defendants, noting that "[m]any co-defendants were not ordered to pay any restitution at all, even though loss was no less attributable to them than to Dickau." Def. Br. at 21. We disagree. Although 18 U.S.C. § 3553(a) mandates sentencing courts to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records," 18 U.S.C. § 3553(a) (2006), we have repeatedly emphasized that that section was "intended to eliminate *national* disparity," not disparity among co-defendants. *United States v. Wills*, 476 F.3d 103, 109 (2d Cir. 2007); *see id.* at 110 (noting that section 3553(a) "does not require district courts to consider sentencing disparity among co-defendants" (quotation marks omitted)). Thus, regardless of the reasons why the district court did not order restitution from certain of Dickau's co-defendants, Dickau cannot use that purported disparity to avoid the consequences of the MVRA's mandatory restitution scheme. *See United States v. Dupes*, 513 F.3d 338, 345 (2d Cir. 2008) ("The MVRA makes full restitution mandatory for certain crimes, including securities fraud.").

We have considered Dickau's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE

5