10-5042-cr
United States v. Rutkoske

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

Present:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> LEWIS A. KAPLAN,
> > *District Judge.*[*]

───────────────────────────────────────────────

UNITED STATES OF AMERICA

> *Appellee*,

> v.                                          No. 10-5042-cr

MICHAEL NIEBUHR, ANTHONY BISCEGLIE, RICHARD LAGRECA, MICHAEL GIANGREGORIO, NICHOLAS CIANCIARUSO, MICHAEL COLAIACOVO, JR., RICHARD WILLIAMS, JR., RAFFI OGHLIAN, RALPH DELUCA, DAMON PICCOLO, JAMES MORGAN, JR., FRANK CARDONE, EDWARD MACHADO, EDWARD GOMEZ,

> *Defendants ,*

───────────────────────────

[*] The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

DAVID RUTKOSKE,

        *Defendant-Appellant.*

_____

For Defendant-Appellant:          ANDREW G. PATEL, New York, N.Y.

For Appellee:                 RUSSELL CAPONE, Assistant United States Attorney (Justin Anderson, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York.


        Appeal from the United States District Court for the Southern District of New York (McKenna, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

        Defendant-Appellant David Rutkoske appeals from a final order of restitution entered by the Southern District Court for the District of New York (McKenna, *J.*).  On February 23, 2006, following a two-week trial, a jury convicted Rutkoske of one count of securities fraud and one count of conspiracy to commit securities fraud, commercial bribery, and wire fraud.  On August 15, 2006, the district court to which this action was originally assigned (Casey, *J.*) sentenced Rutkoske principally to a term of 108 months in prison and ordered him to pay restitution in the amount of $12,057,928.  On appeal, we affirmed Rutkoske's conviction but held that the district court erred in reflexively calculating the loss amount associated with Rutkoske's crimes by reference to the total amount lost by Rutkoske's victims in their transactions with Rutkoske's brokerage firm, because those losses could have been caused, at least in part, by factors other than Rutkoske's fraud, such as "market forces."  *United States v. Rutkoske*, 506 F.3d 170, 178, 180 (2d Cir. 2007) ("*Rutkoske I*").  Accordingly, we remanded to the district court to "redetermine the amount of the loss, both for purposes of the sentence and resentencing."  *Id.* at

2

179.  On remand, the district court (McKenna, *J.*) held that the Government had failed to establish any loss amount for purposes of calculating the advisory range under the United States Sentencing Guidelines (the "Guidelines"), but ordered Rutkoske to pay restitution of $1,616,415, an amount equivalent to the amount of hidden, excessive commissions that Rutkoske's firm charged its customers.  We presume the parties' familiarity with the remaining facts and procedural history of this case.

"We review a district court's order of restitution for abuse of discretion."  *United States v. Lucien,* 347 F.3d 45, 52 (2d Cir. 2003). "To identify such abuse, we must conclude that a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions."  *United States v. Pearson,* 570 F.3d 480, 486 (2d Cir. 2009) (per curiam) (quotation marks omitted).  Because determining the proper level of restitution "requires a delicate balancing of diverse, sometimes incomparable, factors, some of which not only lack certainty but may indeed be based on mere probabilities, expectations, guesswork, even a 'hunch,'" it "makes little sense for an appellate court, significantly more removed from the case than the district court, to scrutinize [restitution] decision[s] closely."  *United States* v. *Rossi*, 592 F.3d 372, 376 (2d Cir. 2010) (per curium) (internal quotation marks and brackets omitted).

Rutkoske argues that the district court erred in ordering restitution because it did not apply a loss enhancement pursuant to U.S.S.G. § 2B1.1(b) in connection with its calculation of the applicable sentencing range under the Guidelines.  While calculating the "loss amount" for Guidelines purposes and the "victims' losses" for restitution purposes are obviously "closely related" inquiries, *United States v. Copus,* 110 F.3d 1529, 1537 (10th Cir. 1997), they are not identical.  A sentencing court's duty to make the two calculations derives from separate statutory

3

sources.  On the one hand, the Mandatory Victims Restitution Act ("MVRA") requires courts to order defendants to "make restitution to the victim of the offense in the full amount of each victim's losses as determined by the court," 18 U.S.C. § 3663A(a)(1) & 3664(f)(1)(A), so as to "make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being," *United States* v. *Pescatore*, 637 F.3d 128, 139 (2d Cir. 2011) (internal quotation marks omitted).  The Guidelines, on the other hand, explicitly link "the offense level for fraud offenses . . . to the harm caused to victims, measured in terms of monetary loss." *United States v. Byors*, 586 F.3d 222, 225 (2d Cir. 2009); *see also* U.S.S.G. § 2B1.1(b).  In other words, the MVRA is intended to compensate victims, while sentencing enhancements for loss amount under the Guidelines are predicated on the notion that fraudsters who cause more monetary harm are more culpable and should therefore generally be given longer terms of imprisonment.  As we have held, because "[a] defendant's culpability will not always equal the victim's injury," *United States v. Catherine,* 55 F.3d 1462, 1464-65 (9th Cir. 1995) (cited in *United States v. Germosen*, 139 F.3d 120, 130 (2d Cir. 1998)), "an amount-of-loss calculation for purposes of sentencing does not always equal such a calculation for restitution." *Germosen*, 139 F.3d at 130; *see also, e.g.*, *Catherine*, 55 F.3d at 1464-65 (cataloguing the differences in the methodologies for making the calculations for restitution and loss amount).

Moreover, in the instant case, it seems clear that the discrepancy between the district court's calculation of loss amount under the Guidelines and its restitution order arises from the simple fact that the Government advocated a theory of loss in connection with its application for restitution that it had not made in connection with Rutkoske's sentencing.  The Government has the burden of proving, by the preponderance of the evidence, both the amount of restitution and

4

the loss amount. *See* 18 U.S.C. § 3664(e); *United States v. Martinez-Rios*, 143 F.3d 662, 667 (2d Cir. 1998). Given that the Government decided to advance different theories of loss in connection with the two different calculations, the district court did not err in holding that the Government satisfied its burden of proof as to one calculation but not the other. In other words, the district court was not obligated to *sua sponte* consider all possible measures of loss amount; it operated well within its discretion by simply ruling on the basis of the arguments presented to it.

Rutkoske next argues that the district court erred in measuring restitution by reference to the amount of the hidden, excessive commissions that Rutkoske charged his victims. This argument also fails. As we recently noted in *United States v. Newsom*, 399 Fed. App'x 625 (2d Cir. 2010) (summary order), such a measure of restitution " accurately (and reasonably) reflect[ed] the nature of the fraud . . . , which centered on hiding exorbitantly high commission rates so as to induce investors to buy securities at an inflated price." *Id.* at 628; *see also Rutkoske I*, 506 F.3d at 173 (noting that brokers at Rutkoske's firm "received large commissions, which Rutkoske personally authorized . . . [and which] were not disclosed to clients," and that "[f]ollowing an audit by the National Association of Securities Dealers . . . , [Rutkoske's brokerage firm] recharacterized the commissions as trading profits and created a new trading account to track the hidden commissions.").

Finally, we reject Rutkoske's contention that the district court was barred from using the hidden, excessive commissions charged to Rutkoske's victims as a basis for measuring restitution under the "mandate rule," which "forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court," *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). Rutkoske contends that the mandate rule applies here because "[i]n

5

reviewing the sufficiency of the evidence in the initial appeal, this Court specifically refused to find that the commissions paid [by Rutkoske's victims] were excessive." Appellant's Br. 6. In *Rutkoske I*, however, we determined that "[w]e need not consider [Rutkoske's] argument . . . that the evidence was insufficient to establish that . . . brokers [at Rutkoske's firm] had a duty to disclose their profits to their customers" because the evidence at trial was sufficient to uphold Rutkoske's conviction on the alternate ground that those brokers had made material misrepresentations to their customers. *Rutkoske I*, 506 F.3d at 176. Because it is well-established that "a mandate is controlling only as to matters within its compass . . . [and] does not extend to issues an appellate court did not address," *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 606 (2d Cir. 2003) (internal citations and quotation marks omitted), the mandate rule does not apply here.

We have considered all of Rutkoske's other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6