United States v. Kerekes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of September, two thousand thirteen.

PRESENT:

> Robert A. Katzmann,
> > *Chief Judge,*
> Dennis Jacobs,
> > *Circuit Judge*,
> Kevin Thomas Duffy,[*]
> > *District Judge*.

_____

United States of America,

> *Appellee*,

> v.                                                          12-3601

Michael Kerekes,

> *Defendant-Appellant.*

_____

FOR APPELLANT:       Michael Kerekes, *pro se*, Santa Monica, CA.

FOR APPELLEE:        Michael Alexander Levy and Stanley J. Okula, Jr., Assistant
                     United States Attorneys, Southern District of New York,
                     New York, NY.

_____

[*]The Honorable Kevin Thomas Duffy of the United States District Court for the Southern District of New York, sitting by designation.

Nanette L. Davis, Trial Attorney, Tax Division, Appellate Section, United States Department of Justice, Washington, D.C.

Appeal from an order of the United States District Court for the Southern District of New York (Baer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Michael Kerekes, proceeding *pro se*, appeals from the district court's opinion and order apportioning restitution against him in the amount of $2,000,000 pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review orders of restitution deferentially and "will reverse only for abuse of discretion." *United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006) (internal quotation marks and citation omitted). Such abuse can be found only where the "challenged ruling 'rests on an error of law [or] a clearly erroneous finding of fact, or otherwise can not be located within the range of permissible decisions.'" *Id.* (quoting *United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005)). "Where there are challenges to the district court's findings of fact, we review for clear error; insofar as the order rests on interpretations of law, we review those interpretations *de novo*." *See United States v. Reifler*, 446 F.3d 65, 120 (2d Cir. 2006) (citations omitted).

Kerekes contends that we should remand for a redetermination of restitution because, *inter alia*, (1) the complexity of the restitution calculations outweighed the need

2

for restitution, (2) the district could should have refused to grant the government restitution where the government could have recouped its losses directly from the taxpayers who were Kerekes's clients, (3) the district court's restitution calculation was insufficiently precise, and (4) the district court apportioned too much of the restitution award to the defendant. We reject each of these arguments.

The MVRA provides that restitution may not be imposed if the determination of "complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3)(B). However, we will defer to a district court's decision that an award of restitution was not too complex for adjudication if, as here, "the record indicates that the district court, although aware of the difficulties involved in ordering restitution[,] . . . considered restitution an essential part of [the defendant's] sentence." *United States v. Catoggio*, 326 F.3d 323, 328 (2d Cir. 2003).

The district court also did not err in ordering restitution even where the government could have recouped some of its losses directly from the taxpayers. Kerekes has cited no authority that would require a victim to seek compensation from another source before the victim can be awarded restitution. In fact, the MVRA explicitly mandates that "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss *or any other source* be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B) (emphasis added).

3

Moreover, the district court's method of calculating the amount of loss did not render its decision an abuse of discretion. "[T]he MVRA requires only a reasonable approximation of losses supported by a sound methodology," and, "[s]o long as the basis for reasonable approximation is at hand, difficulties in achieving exact measurements will not preclude a trial court from ordering restitution." *United States v. Gushlak*, --- F.3d ---, No. 12-1919, 2013 WL 4558747, at *9 (2d Cir. Aug. 29, 2013) (internal quotations omitted). Ordering restitution "requires a delicate balancing of diverse, sometimes incomparable[,] factors, some of which not only lack certainty but may indeed be based on mere probabilities, expectations, [or] guesswork," *United States v. Newsom*, 399 F. App'x 625, 627 (2d Cir. 2010) (internal quotation marks omitted), and "the sentencing court is in the best position to engage in such balancing," *United States v. Jaffe*, 417 F.3d 259, 263 (2d Cir. 2005) (quotation and citations omitted). Here, the district court's decision to adopt a conservative estimate of the government's losses using a 20% capital gains tax rate was within its discretion.

Lastly, the district court did not abuse its discretion in deciding to apportion $2,000,000 of the government's overall $53,577,527.96 loss to Kerekes. In determining a restitution order, the district court is not required to use any particular formula for apportionment among defendants or, indeed, to apportion the loss at all. *See* 18 U.S.C. § 3664(f)(1)(A). The court was well within its discretion to find that Kerekes had a relatively modest role in the conspiracy and should only be held responsible for $2,000,000—which was the amount of a bonus that the defendant had been paid for his work on the criminal scheme. Although we held in *United States v. Zangari*, 677 F.3d 86,

4

92-93 (2d Cir. 2012), that a defendant's gains from a illegal activity could not serve as a proxy for the victim's actual losses in ordering restitution, the district court here properly calculated a total restitution amount of $53,577,527.96 based on the victim's actual losses. Once the court did so, it was permissible for the court to use the amount of the bonus in order to approximate the percentage of the overall loss amount for which the defendant should be responsible.[1]  Even if we might have reached a different conclusion in the first instance, this analysis was not an abuse of discretion.

We have considered all of Kerekes's remaining arguments and find them to be without merit.  For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[1]  We note that it may have been improper for the district court to impose joint and several liability or apportion part of that liability to the defendant.  As we explained in *United States v. Aumais,* 656 F.3d 147, 149 (2d Cir. 2011), the wording of "section 3664(h) implies that joint and several liability may be imposed only when a single district judge is dealing with multiple defendants in a single case" and "does not contemplate apportionment of liability among defendants in different cases, before different judges, in different jurisdictions around the country."  The court below relied on a prior district court decision which held that apportioning liability among defendants in different cases was permissible if the court ordered the government to monitor restitution collection to ensure that the plaintiff did not double recover. However, we overturned that district court decision on appeal. *See United States v. Hagerman*, 506 F. App'x 14, 18 (2d Cir. 2012) (summary order). We do not reach the issue, however, because neither the government nor the defendant has claimed that the district court committed any error by apportioning the defendant's liability. Rather, the government accepts the district court's conclusion and Kerekes merely contends that the amount of liability apportioned by the district court was too high.  We therefore consider both parties to have forfeited the issue.  *See Tracey v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (noting that we do not provide the same special solicitude to pro se litigants who are lawyers).

5