GRUENDER, Circuit Judge,
concurring in part and dissenting in part.
I respectfully dissent from Part IV of the court’s opinion. The court holds that the district court erred when it relied on our mandate to conclude that M.U. was a victim under the Sentencing Guidelines. According to the court, our mandate directed the district court to recognize M.U. as a victim only under the CVRA, but had no effect on the question of whether M.U. *932 was a victim for sentencing purposes. The court faults the district court for not conducting a separate inquiry into whether M.U. was a victim under the Sentencing Guidelines. In my view, the district court faithfully applied our mandate, which clearly directed the court to recognize M.U. as a victim for restitution and sentencing. Some brief context is necessary.
The district court held an evidentiary hearing on January 27, 2015 to determine whether M.U. was a victim for1 sentencing purposes. On February 9, the district court issued an order finding that M.U. was not a victim because he was a “knowledgeable and willing participant” in Binkholder’s illegal activities. The order did not discuss restitution or the CVRA. M.U. then filed a motion, pursuant to the CVRA, asking the district court to reconsider its February 9 decision and to recognize him as a victim. On March 3, the district court issued an order denying M.U.’s motion to reconsider. The court did not separately analyze M.U.’s alleged victim status under the CVRA, instead concluding that M.U. could not intervene under the CVRA because the district court had already determined — in its February 9 order — that M.U. was not a victim. M.U. next filed a petition for a writ of mandamus asking this court to order the district court to recognize M.U. as a victim. We granted M.U.’s petition and directed the district court to “vacate its February 9, 2015, order and to enter an order recognizing [M.U.] as a crime victim pursuant to the [CVRA].”
The order to the district court reveals that the mandamus panel assumed that the same analysis applies under the CVRA and the Guidelines. If the mandamus panel had thought that resolving this issue under the CVRA and the Guidelines required distinct analyses, it would have directed the district court to vacate its March 3 order and to recognize M.U. as a victim only for purposes of restitution. Instead, the mandamus panel directed the court to vacate its February 9 order — the order in which it determined that M.U. was not a victim for sentencing purposes — and to recognize M.U. “as a crime victim pursuant to the [CVRA].”[8] The mandamus panel’s order did not suggest that the district court erred by applying the same analysis to both issues; instead, the order indicated that the district court erred when it made the initial victim-status determination. In my view, then, the district court properly interpreted our mandate and faithfully applied it by recognizing M.U. as a victim under the Guidelines and including M.U.’s losses when calculating Binkholder’s advisory sentencing guidelines range.[9] See *933 United States v. Castellanos, 608 F.3d 1010, 1016 (8th Cir. 2010) (discussing the mandate rule and noting that “inferior tribunals are bound to honor the mandate of superior courts within a single judicial system” (quoting United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995))).
Moreover, I agree with the mandamus panel’s view that in this case the district court should apply the same victim-status inquiry for sentencing and restitution. The court points out that the Guidelines and the CVRA provide slightly different definitions of “victim.” Under the Guidelines, the term is defined as “any person who sustained any part of the actual loss determined under subsection (b)(1).” USSG § 2B1.1 cmt. n. 1. The CVRA, in contrast, defines “victim” as “a person directly and proximately harmed as a result of the commission of a Federal offense.” 18 U.S.C. § 3771(e)(2)(A). The court also notes the distinct purposes of the two laws: the CVRA is intended to protect the rights of victims, whereas the Guidelines’ loss enhancements are designed to measure the defendant’s culpability. Finally, the court provides examples where the two calculations differ. See, e.g., United States v. Alexander, 679 F.3d 721, 731 (8th Cir. 2012). The court then concludes that “the determination of who is a victim under the CVRA is not necessarily dispositive of who is a victim under the Sentencing Guidelines.”
In my view, the text of the CVRA and the Guidelines provide little basis for the court’s position that they adopt different standards for determining whether someone in M.U.’s position is a “victim.” The cases the court relies on establish that the amount of loss calculated under the Guidelines can differ from the amount of restitution owed under the CVRA. See, e.g., United States v. Niebuhr, 456 Fed.Appx. 36, 38 (2d Cir. 2012) (unpublished). But the issue in this case is whether there is any difference in making the threshold determination of whether M.U. is a victim in the first place. More specifically, the issue is whether the CVRA and the Guidelines adopt different standards for determining whether a person’s complicity in a defendant’s illegal scheme precludes finding that the person is a “victim” of that scheme. The court does not cite to any ease suggesting that the Guidelines and the CVRA provide different standards for resolving this issue, nor does the court explain how any hypothetical distinction would be relevant in this case. And to the extent that the two definitions vary, the CVRA appears to provide the narrower definition: the Guidelines only require that a victim “sustain[ ] any part of the actual loss,”'USSG § 2B1.1 cmt. n. 1, whereas the CVRA requires “direct[ ] and proximate! ] harm[ ] as a result of the commission of a Federal offense,” 18 U.S.C. § 3771(e)(2)(A). Thus, even if there are different standards for making an initial victim-status determination, a finding that a person is a victim under the CVRA’s narrower definition necessarily requires finding that the person is also a victim under the apparently broader definition in the Guidelines.
Accordingly, I respectfully dissent from Part IV of the court’s opinion.

. In my view, the court misinterprets language from the mandamus panel’s order where the panel directs the district court to “enter an order recognizing [M.U.] as a crime victim pursuant to the [CVRA].’’ The court appears to read the above quote as ordering the district court to recognize M.U. as a victim for purposes of applying the CVRA — i.e., for providing restitution. Instead, I read “pursuant to the [CVRA]” as merely citing the procedural mechanism which allowed M.U. to intervene and seek review of the district court's determination that he was not a victim. See 18 U.S.C. § 3771(d)(3) (allowing victims to "petition the court of appeals for a writ of mandamus” and requiring the court of appeals to issue a decision “within 72 hours after the petition has been filed”).

. Certainly the mandamus panel could have— and perhaps should have — directed the district court to vacate only its March 3 order and to recognize M.U. as a victim only for purposes of awarding restitution. Whether the mandamus panel erred in directing the district court to find that M.U. was a victim for sentencing purposes is a difficult question. I would not reach this issue because Binkholder does not raise it, nor does he claim that the panel’s mandate violated due process. Instead, Binkholder argues only that the district court erred in interpreting the mandamus panel’s mandate. Because I believe that the mandamus panel did, in fact, order the dis *933 trict court to find that M.U. was a victim for sentencing purposes, I would reject Binkholder's argument and affirm the district court's decision.